FRANKLIN,   ADMINISTRATOR OF HORACE JANES *vs.* JAMES MARTIN and RUS-
*January,*
1835.                     SELL S. MARCY.

> It is not an available ground of exception, that the county court admitted parol proof of the
> contents of a paper, supposed to be lost, upon proof of loss, which this court might deem
> unsatisfactory.

> The purchaser of personal chattels, at a sheriff's sale, is not affected by any irregularity or
> impropriety in the officer's proceedings, but the officer is liable therefor to the party in-
> jured.

This was an action of trespass, for taking as the property of
Henry N. Janes one double waggon, one single sleigh, one double
harness and one single harness.

Plea, not guilty. On trial, the plaintiff, to show title to the
property in question, offered to prove by parol the following facts:

That Horace Janes, in his life-time, took out an execution in his
favor against the said Henry N. Janes, for about one hundred and
thirty-seven dollars, signed by James Davis, justice of the peace,
issued on a judgment by confession of said Henry N.;—that said
execution was delivered to one of these defendants, Russell S. Mar-
cy, constable of Montgomery;—that said Marcy levied said exe-
cution on the property in question, together with a considerable
amount of other property;—that he posted said property for the
space of fourteen days, and that, at the end of that time, he sold
the same at auction to the plaintiff's agent, he being the only bid-
der.

To the admission of this evidence, the defendants objected, but
the court admitted the evidence; the judgment being first proved
by production of the original note and confession, and said Davis
having testified that execution issued thereon, but had never been
returned to his knowledge, and if ever returned, could not be
found.

The defendants, on their part, justified the taking under legal
process in favor of Abel Carter, against said Henry N. Janes.

The defendants also further proved that the sale of said property
was in the chamber of the said Henry N. Janes; that no part of
said property was present, it being in the shed, yard and barn of
said Janes; that the only persons who attended the sale were, the
plaintiff's agent, one Allis, Henry N. Janes, the officer, Marcy,
and one Jeremiah Janes; that all the property was put up together
and struck off at one time and upon one bid to Allis, he being the
only bidder, and the agent of the plaintiff, expressly directed to
bid in said property for the plaintiff; that the property sold and
bid off by the plaintiff's agent on that occasion, at a fair cash val-

ue, amounted to considerable more than sufficient to satisfy the execution.

Upon these facts the defendants requested the court to charge the jury that the sale was illegal, and that the plaintiff acquired no legal title to said property as against a *bona fide* creditor under the sale; but the court refused so to charge the jury, and in substance instructed them, that it was necessary the property should have been posted in some public place in the town at least fourteen days before the sale, setting forth the time and place of sale, and that the sale should have been made in good faith, and without any design in the officer, or concert between the debtor and creditor, to have it pass to the creditor at an under value, by means of its being put up together and not in parcels. And if they should find from the evidence that it was thus posted, that the property was known to the persons present at the sale, and might readily have been seen, and that there was no such design to have it go at an under value, the manner in which the sale was in fact made did not render it illegal. But if they were not satisfied in favor of the plaintiff, upon each of these points, the defendants should recover.

Verdict and judgment for plaintiff, and to the decisions and charge the defendants excepted. Exceptions allowed and passed to the supreme court.

*Smith and Hoyt for plaintiff.*—The first question presented by the case for the consideration of the court is, whether the county court erred in permitting the plaintiff to prove by parol testimony the loss of the execution and officer's return.

It would seem that on this point there could be no doubt, inasmuch as it appears from the case that it was proved that the execution and the return of the officer were either lost or mislaid. The case then clearly comes within the rule of law which provides that the contents of any *writing, process* or *record,* which is lost, may be proved by parol testimony.

2. Did the county court err in refusing to charge the jury (as requested by the defendants) that Horace Janes acquired no title to the property in question under and by virtue of the aforesaid sale at auction, as against a *bona fide* creditor of Henry N. Janes, from the consideration that the defendants proved on the trial, that the sale was made in the wood-house chamber of the said H. N. Janes, when the property was in the barn, sheds and yards adjacent; that the only persons present at the sale were the plaintiff's agent, one Jeremiah Janes and H. F. Janes; that all the property

FRANKLIN,
January,
1835.

Admin'r of
Janes
vs.
Martin & Marcy

Franklin,
January,
1835.
——————
Admin'r of
Janes
vs.
Martin & Marcy

was struck off at one time and upon one bid to the plaintiff's agent; and that the property sold in payment of said execution was in fact worth more than the amount bid by the agent.

Now it cannot be seriously contended, that the facts shown on trial by the defendants rendered the sale of the property to Horace Janes, *ipso facto,* void. It was proper that the facts proved by the defendants should be submitted to the jury, to be weighed by them in making a decision, whether there was in the sale and purchase of the property any fraud in fact. The jury have had all the facts under consideration, and have found that the sale was *bona fide.*

It is true, that, by the first section of an act directing the levying and serving executions, it is made the duty of the officer in his return to describe particularly the goods or chattels taken and sold, and the sum for which each article is struck off. But what if the officer does not in his return set forth the sum at which *each article* was sold, does such neglect render the sale void, so as to defeat the title of the honest purchaser? Certainly not. If there is any *fraud* or *collusion* on the part of the officer in the sale of property, or in making his return, a full and adequate remedy is given against the officer. The statute makes him liable to pay to the debtor treble damages for the sum of which he has been defrauded.

*Hunt and Beardsley for the defendants.*—The first question presented by the case is, whether the testimony offered by the plaintiff and admitted by the court was legal and proper to show a valid transfer of the property to the plaintiffs.

In order for the plaintiff to recover, it is indispensable *to show* by proper evidence that the title of the property in question was legally in the plaintiff's intestate. This, we insist, cannot in the present case be shown by *parol.*

It is a well settled principle of law, that the best evidence of which the nature of the case is susceptible must be produced. In the present case, no reason is furnished why the execution itself and the officer's return, or a certified copy of the record thereof was not produced; and without satisfactorily accounting for the non-production of this evidence, which is the legal and best evidence, it is a violation of the long established and very satisfactory rule of evidence to supply it by *parol.*

We apprehend that no case can be found where a purchaser at sheriff's sale has ever been permitted to make a title to the property purchased by *parol* proof of the issuing of the execution and all the subsequent proceedings thereon.

FRANKLIN
January
1835.

Admin'r of
Janes
vs.
Martin & Marcy

The case of *Bates* vs. *Carter* 5 Vt. Rep. 602, might at the first view seem to militate against this ground. But it will be noticed that the question raised in that case was not whether parol evidence of the officer's proceedings was admissible, but whether the officer's return on the execution, which was produced in evidence, was sufficient to have passed the legal title to the purchaser. We are not disposed to *war* with the ground taken by the court in that case. It may be, and probably is, a correct determination, that the title of a purchaser at a sheriff's sale ought not to depend upon the strict legality of the officer's proceedings.

The question in this case is not, whether the officer's proceedings were all legal, (for they cannot be examined,) but the question is, whether legal or illegal, his proceedings can all be shown by parol.—*Williams* vs. *Amory*, 14 Mass. Rep. 29. *Hammet* vs. *Wyman*, 9 Mass. Rep. 138. *Woodcock* vs. *Bement*, 1 Cow. 734.

It certainly cannot be the policy of our law, however it may regard the interest of purchasers, to permit the introduction of parol evidence in all cases to make out and support perfect titles to property acquired at a sheriff's sale. If it is admissible in the present case, it is admissible in all cases, and records might at once be dispensed with.

2. The court ought to have charged the jury, that the manner in which the sale was made was illegal and inoperative to transfer a legal title, or at least that it furnished evidence of a fraudulent design on the part of the creditor and debtor to have the property pass at an under value.

The statute requires that the property should be exposed, and that the officer should return on the execution a particular description of the property sold and the sum for which each article was struck off.—Stat. 209.

This requisition cannot be complied with, when different articles are put up at the same time, and in one lot or bunch are struck off together. In these particulars, the statute regulations were wholly disregarded, and it was the duty of the court, in view of the facts, to have instructed the jury that they ought to regard the manner of conducting the sale, (all the parties interested being present,) as tending to prove, and from it they were at liberty to infer, a fraudulent conduct between the creditor and debtor to have the property struck off at an under value.

FRANKLIN,
January,
1835.

Admin'r of
Janes
vs.
Martin & Marcy

The opinion of the court was delivered by

PHELPS, J.—That the execution, if to be found, or a copy duly authenticated, should have been produced, there is no doubt. But it appears, in this case, that the secondary or parol proof of the existence and contents of the paper was received upon proof of its loss. Whether the proof of the loss was sufficient or not, it is not our province to determine. It was a matter of fact to be settled by the court below, upon such evidence as was satisfactory to them, and even if the evidence were unsatisfactory to us, it would furnish no legitimate ground for reversing their judgment. It is not a ground of error.

The evidence as to the proceedings of the officer, in conducting the sale, was doubtless proper, as tending to show the sale fraudulent and *mala fide;* but of this proof, the defendants had the full benefit, in the manner in which it was submitted to the jury.

Admitting the proceeding of the officer to have been irregular, yet it does not follow that the sale was void. If there be any thing improper in the transaction, it consists in the circumstance that the manner of sale was unfavorable to the debtor, as tending to dispose of the property at a reduced price. In this point of view, it was a matter which concerns the debtor alone, and for which he has his remedy against the officer. It is certainly not competent for a stranger to interfere and contest the title of the purchaser. It is a settled rule, that the sale is not to be affected by any irregularity or impropriety in the proceedings of the officer. The purchaser is not supposed to be cognizant of the previous proceedings, nor can he be affected by the subsequent acts of others. It is on this ground, that our statute gives a remedy to the debtor, in such case, against the officer.

Judgment of county court affirmed.