### HARRINGTON KELLY *v.* JONATHAN HART.

To constitute a sheriff's sale so that the sale will be valid against the credi-
tor of the vendor, without a change of possession, the proceeding must
be under the authority of the precept of the law, and the right to make
the sale not rest upon the consent of the debtor.

THIS was an action of trover for two wagons and one
horse.   Plea, general issue, and trial by jury.

On the trial in the county court, it was admitted that the
defendant took the property, in question, by virtue of a writ
of attachment in his favor against one James A. Parsons.

The plaintiff, to show title in himself, offered to prove that the property had belonged to said Parsons, against whom one Charles Collins, the constable and collector of Colchester, had sundry taxes and rate bills, and, two executions in favor of sundry persons for collection, and in virtue of these and his authority derived under them, he levied upon the property in question, and was about to post it, agreeably to law, but left it in Parsons' possession, on whose honor he relied to have it forthcoming on the day of sale, it having been voluntarily turned out on the execution, and taxes; that Collins delayed posting the property until a time agreed on, at the request of Parsons, who expected to avoid a sale by payment; that when the first day set for the sale arrived, Collins called at a tavern near the residence of Parsons, to post the property, but was informed, by the keeper of the bar, that Parsons had left \$6 to be handed to him, to apply on the demands in his hands, with a request that the posting of the property should be delayed until a certain Friday, about two or three weeks thereafter, at which time, if the balance was not paid, the property should be sold at public auction, in the same manner as though it were duly posted, and this for the purpose of avoiding expense only; that, pursuant to this understanding, the constable thereupon did not post the property, but delayed the sale until the day so last set arrived, when the said Parsons not having raised and paid the balance on the executions, said Collins, on his return home from Burlington, called at Parsons' house, and having notified divers persons verbally of the sale, and requested their attendance, the property was turned out by Parsons, and, in the street in front of Parsons' house, and in view of said tavern, exposed to public sale, said Collins then and there declaring with a loud voice, and giving the persons present to understand, that it was sold upon execution by him, as constable; that there was a number of bidders and bids upon each article sold, and among such bidders was the plaintiff, Kelly, to whom, being the highest bidder, the property was struck off; that the sale was openly and fairly conducted, without fraud or collusion on the part of the constable, or the plaintiff, and that the plaintiff did not know that the property had not been posted; that after the sale, the property was left on the premises of Parsons in his possession, as before, for

CHITTENDEN, an indefinite period, when it was soon after taken by the de-
January,     fendant, as above stated, with a full knowledge of the sale
1842.       to the plaintiff.
Kelly            The court decided that the facts offered to be proved
v.          could not avail the plaintiff, and would not transfer the pro-
Hart.       perty to the plaintiff, as against the *bona fide* creditors of
Parsons, without a further change in the possession, and di-
rected a verdict for the defendant, which was accordingly
returned. To which decision the plaintiff excepted.

*C. D. Kasson* for plaintiff.

The only question in this case is, whether the public sale
by a sheriff of property in execution, is good without a
change of possession, unless it has been posted in the usual
manner.

That a sale by a sheriff, on execution, when the property was
posted, though it remained with the debtor, is good to protect
it against subsequent attaching creditors, has been repeatedly
holden in this court. *Boardman* v. *Keeler, et al.* 1 Aik. R.
158. *Bates* v. *Carter,* 5 Vt. R. 608. *Gates* v. *Gaines,*
1 Vt. R. 346. *Barnes* v. *Barnes,* 6 Vt. R. 388.

The provision of the statute, requiring it to be posted by
the sheriff, is intended for the benefit of the debtor, that pur-
chasers may come in to bid on it and prevent an unjust sac-
rifice of the property. Its object is not to give notoriety to
the sale of the *particular debtor's* property, but to notify the
sale of the *kind of property* taken, and so is the uniform
practice. A notice is not to be found where the *parties* to
the execution are mentioned in it. " Taken by virtue of an
execution to me directed," certain property, without naming
the owner, is the unvarying form of the notice. The form
of the officer's return is also of a like character, and this
course has been acquiesced in, from time immemorial. But
it cannot be pretended that it furnishes the least notoriety to
the world, that A. B. is to have *his* property sold ; and if the
owner is willing to waive his right against the sheriff to a
duty due him from the sheriff, it cannot be inquired into by
others. It is not in half the cases of sale on execution, that
the parties are ever known at all, and much less, that the
purchasers look into the previous proceedings of the officer.
If the irregularity of the officer's proceedings were to be in-

quired into, you may also go back to those of the court issuing the process, and, by involving the validity of such sales in uncertainty, deter all persons from purschasing.

*J. Maeck*, for defendant.

The facts offered to be proved, would not have constituted the plaintiff a purchaser at sheriff's sale. Collins acted as agent of the debtor, in the sale, and not as the minister of the law. The fact of his having process is of no importance. He did not act under it, and, if sued by Parsons for intermeddling with the property, he cannot justify under it. *Batchelder* v. *Carter*, 2 Vt. 168, governs this case. See the charge of the court, 7 Vt. 92, *Janes, Administrator,* v. *Marcy & Martin*.

Wherever the court have held that a purchaser at sheriff's sale need not remove the property, as against the creditors of the execution debtor, the sale has always been strictly a sheriff's sale, where the property was disposed of against the will of the debtor, by following the requirements of the statute. The party derives his title there, by operation of law, without the express assent of the debtor. The law confers the title, and if the execution debtor, or any one else, questions his right, he makes title, through the law, and not through the party. In this case, he can make title through the party only. *Kidd* v. *Rawlinson*, 2 Bos. & Pul. 58. *Watkins* v. *Birch*, 4 Taunton, 822. *Boardman* v. *Keeler*, 1 Aikens, 158.— *Gates* v. *Gaines*, 10 Vt. 346. 7 Vt. 92, above cited.

The opinion of the court was delivered by

REDFIELD, J.—It is, at present, a well settled principle of the law of this state, that sales of personal chattels, unaccompanied by any visible, substantial change of possession, are inoperative, as against the creditors of the vendor. The cases of sheriffs' sales have been considered an exception from the operation of this rule. It is not now necessary, and could not be useful, to go into the reasons of the exception. The cases upon that subject have followed in the track of *Kidd* v. *Rawlinson*, 2 B. & P. 59. The principal reasons there urged in favor of the determination are, that the publicity and the character of the sale rebut all inference of fraud. For myself I think this exception rests more upon

the fact that it is a transfer of the title, by operation of law, than upon its notoriety. It is the former, rather than the latter, which distinguishes it from sales by contract of the parties; for if all public sales were to form exceptions to this very salutary rule, it would doubtless cease to have any beneficial operation. Sheriffs' sales, and all sales by the officers of law, must be held, *prima facie*, good to transfer the title of the debtor, upon that appearing to have been done, by such officer, which the law requires to be done previous to the title passing. Now no law, and no practice, requires such officer to make any delivery of the property. When he appears to have proceeded as sheriff, or other officer, and the sale is *in invitum*, it will be recognized, as an exception to the rule. But where he really proceeds by consent of the parties, and in making the sale, acts as the agent of the parties, and not as the minister of the law, his proceedings cannot be allowed any greater force than those of any other auctioneer. If he were really acting in the capacity a public officer, and by authority of his precept, we are not called upon to determine how far any circumstantial defect in his previous proceedings would affect the title of a purchaser. At least, we think it no hardship to hold, that where any specific advantage is claimed by force of a sheriff's sale, it should be shown to have been strictly of that character. Not only the agent should have been a public officer, but in making the sale he should have acted under the authority of his precept. This is not that case.

Judgment affirmed.