### BENJAMIN HALE, Jr., *v.* EPAPHRAS MILLER.

Where an officer sells property on execution to the creditor, and his return appears regular, it is not competent for the debtor in the execution to bring trover against the creditor, on the ground of any irregularity in the proceedings of the officer, although the creditor himself may have advised it.

The only proper remedy for such an injury, is by action on the case against the officer.

THIS was an action of trover for a traverse sleigh, a lumber sleigh, and other articles of property.

The action was originally brought before a justice of the peace, by whose record it appears that, after the appearance of the parties and a continuance of the cause, and the impannelling of a jury for the trial of it, the defendant plead in abatement, the non joinder, as plaintiffs, of two other individuals, as joint owners of the property in question.

The case came up, by appeal to the county court, where the same plea was interposed by the defendant, and overruled by the court, to which decision the defendant excepted. The general issue was thereupon joined to the court.

The plaintiff offered evidence tending to prove, that, in the fall of 1840, the defendant put two executions in his, the defendant's favor, against the plaintiff and Samuel Hale and Benjamin Hale, Sen., into the hands of Harvy Goodrich, constable of the town of Middlebury, with directions to levy the same on the property in question; at which time the defendant requested the said constable to post said property for sale at a certain red house in the village of Middlebury, formerly occupied by the debtors in said execution, which house was, at that time, unoccupied, and was the last house in said village, on the Rutland road, about eighty rods from the Vermont Hotel; that said constable told said defendant, that he should post up his notification of said sale at

the said Vermont Hotel, and suggested to him that said hotel was the best place for the sale of said property ; that the defendant did not acquiesce in said suggestion, alleging, as his only objection, that all the property was at said red house. except one or two articles of small value, which it would be easy to transport there ; that said constable posted up his notification at the Vermont Hotel, giving more than 14 days' notice, that the property in question would be sold at said red house ; that, on the day of the sale, said constable again suggested that said property would sell better at the Vermont Hotel, to which the defendant replied that he had no objection, except that his hired man had gone away with his team, and it would be considerable trouble to remove the property to said hotel ; that the sale was had at said red house, and that the defendant, a son-in-law of the defendant and three other persons, neither of whom was either of the debtors in said executions, were the only persons present, at said sale, beside the said constable·; that said constable and said defendant went out together once to request individuals to attend the sale, and that the same was delayed some time for persons to come ; that during the sale, said constable remarked to defendant that the property was not bringing as high a price as it ought to bring, and that he supposed he had a right to bid once ; that said defendant replied that said constable might bid as much and as often as he pleased, for all that· he cared ; that said constable then bid off the lumber sleigh in question and took said sleigh away ; that immediately after said sale, the defendant's son-in-law made over his bids to the defen- dant, and that the defendant took the property so bid off by him.

The court thereupon rendered judgment for the defendant ; to which decision the plaintiff excepted.

O. *Seymour*, for the plaintiff, having argued in support of the decision of the court below, on the plea in abatement, proceeded to argue that the proceeding to dispose of property without the authority of law, and against the will of the owner, is a conversion. A sheriff's sale, under a valid execution, if irregularly and illegally conducted, is a conversion of the property sold, and the plaintiff in execution is equally liable with the officer if he, (the party) directs

the sale. *Barnard* v. *Stevens et al.,* 2 Aik. R. 429; 2 Day. R. 317.

The officer's sale in this case was irregular and illegal, because—1. The case shows, that the property was not sold at a public place, nor at the place where it was posted. Revised Statutes, p. 239, chap. 42, sec. 4. 2. The case shows that part of the property in question was bid off, and taken away by the officer, which was illegal, and, of itself, a conversion, 5 Conn. R. 475.

*E. D. Barber,* for the defendant.

This sale, if irregular, which we do not admit, was not, therefore, *ipso facto* void. The purchasers, under it, could not be affected by the irregularity, but the officer would be liable therefor to the party injured. *Admr. of Janes* v. *Martin,* 7 Vt. R. 92; *Bates* v. *Carter,* 5 Vt. R. 602; *Gates* v. *Gaines,* 10 Vt. R. 346. If the sale was not void, the title to the property passed to the purchasers, and there could be no conversion by them.

A creditor in an execution may be a purchaser at a sheriff's sale upon it. 4 Taunt. 822; 10 Vt. R. above cited.

If the return of the officer is regular, on the face of it, it is conclusive to pass the title, and cannot be impeached or contradicted. *Swift* v. *Cobb and others,* 10 Vt. R. 282. The return, in this case, is regular, and if there is any illegality or any fraud or collusion in the sale, the debtor in the execution has no action except against the officer, for a false return, *Livermore* v. *Bagly,* 9 Mass. R. 487, or an action on the case under the statute, chap. 42, s. 8. If trover is not the proper remedy against the officer, *a fortiori*, it cannot be against the creditor for a participation in the officer's doings. If there is any remedy against the defendant, it must be sought in another form of action.

The opinion of the court was delivered by

REDFIELD, J.—This is an action of trover for certain property sold on execution in favor of the defendant against the plaintiff. It is alleged that the proceedings of the officer were so irregular as to render the sale void, and the officer and creditor liable in this form of action.

The irregularity complained of, is, that the officer, by the

consent and direction of the defendant, who was creditor in the executions, advertised the property to be *sold* at a different place from that at which it was *advertised,* but both in the village of Middlebury. Not to determine, whether, within the purview of the statute, the village of Middlebury is to be considered as the *same public place,* it is obvious that the plaintiff's proper remedy is an action on the case, for any injury he may have sustained, in this behalf. For the return appears regular, on its face, in this respect, and cannot be contradicted by the parties to it, except by an action for a false return. The sale being regular, the title to the things sold is transferred to the purchaser; and he being the creditor in the execution, makes no difference—as has been often decided. He is not, in general, responsible for the official acts of the officer, even although he advised them. The officer must see to it that he do not take bad advice in regard to his official proceedings; and if he do take such counsel, he alone is responsible for his acts, and that in a proper action on the case.

Whether the officer can make title to the property, which he himself bid off, as against the plaintiff, who was debtor in the execution, is not necessary now to be determined. For one, I think he could not. His return shows a sale to himself, which, in law, is as no sale; but this is not determined. There is nothing in this case to show that the defendant did any thing to induce the officer to become a purchaser, except what he or any other person might well do. He did not forbid him, but told him he did not care how many times he bid. He could not hinder his bidding. He was not bound to advise him and did not. This renders it unnecessary to examine into the plea in abatement.

*Judgment affirmed.*