## MARTIN FITZPATRICK *v.* DANIEL P. PEABODY.

### *Sheriff's Sale.*

Where the proceedings of an officer on an execution are in substantial compliance with the law, and operate by their legal force, unaided by any consent of the judgment debtor, to transfer to the purchaser the title of the property sold thereunder, the sale, though somewhat informal and defective, is a good sheriff's sale, and will protect the purchaser in his right to the property without a change of possession.

TROVER for certain horses, cattle, &c. Plea, the general issue, and trial by the court, at the September Term, 1876, Rutland County, WHEELER, J., presiding.

It appeared that in February, 1862, the plaintiff placed in the hands of one George Pond, an authorized person, two executions against Daniel Fitzpatrick, for collection. One was for the sum of $92.30, and the other for the sum of $542.22. They were dated respectively February 3 and February 10, and were issued on judgments on just debts. Pond levied on certain horses, cattle, &c., belonging to the execution debtor, and sold them to the plaintiff, making a return on the earlier execution, from which it appeared that he " advertised at the public house and at the post-office in Pittsford " that the property would be sold at auction " at the town farm in Pittsford." He made no return on the other execution. Immediately after that sale the plaintiff suffered the property to go back into the possession of the debtor and to remain there with the understanding between him and the debtor

that it should become the debtor's when he paid the debt. The debtor kept the property in his possession, and treated it as his own, so far as others 'than the plaintiff were concerned, and sold some of it from time to time with the plaintiff's knowledge, the plaintiff neither consenting nor objecting, but retaining his claim to the property, which the debtor always recognized, and part of which he paid. The stock finally became so changed that no one of the animals, except a cow the title to which is not in dispute, remained,—the animals in question having descended from those originally sold. The defendant, a deputy sheriff, attached the property in question, and regularly sold it on legal process against said debtor, and as his property, to an amount equal to the sum due to the plaintiff.

The defendant claimed that as Pond sold the property at a place different from the one where it was advertised, the plaintiff could not recover ; but the court ruled otherwise, and rendered judgment for the sum due from the debtor on the property ; to which the defendant excepted.

*Dunton & Veazey*, for the defendant.

When an officer levies upon and sells property, he must follow the statute, in order to protect the property without change of possession against a subsequent attachment as the property of the debtor. *Evarts* v. *Burgess*, 48 Vt. 205 ; *Hall* v. *Ray*, 40 Vt. 576, *per* Barrett, J. ; *Austin* v. *Soule*, 36 Vt. 645 ; *Wood* v. *Doane*, 20 Vt. 612.

*Hill* v. *Kendall*, 25 Vt. 528 ; *Gates* v. *Gaines*, 10 Vt. 346 ; *Bates* v. *Carter*, 5 Vt. 602 ; *Burroughs* v. *Wright*, 16 Vt. 619 ; *Janes's Admr.* v. *Martin*, 7 Vt. 92, and like cases, are to be distinguished.

*Ormsbee & Briggs,* for the plaintiff.

There was no such irregularity in the sale as to impair the plaintiff's title. *Bates* v. *Carter*, 5 Vt. 602 ; *Barnes* v. *Barnes*, 6 Vt. 388 ; *Gates* v. *Gaines*, 10 Vt. 346 ; *Janes's Admr.* v. *Martin*, 7 Vt. 92 ; *Hale* v. *Miller*, 15 Vt. 211 ; *Wood* v. *Doane*, 20 Vt. 612 ; *Austin* v. *Soule*, 36 Vt. 645.

The opinion of the court was delivered by

Ross, J. The decision of this case, on the facts found by the County Court, turns on the character of the sale by Pond, as an authorized person, of the property in question to the plaintiff. If that sale is to be regarded as a sheriff's sale, the plaintiff is entitled to recover, although he allowed the property sold to remain in the possession of the judgment debtor, such sales being an exception to the general rule, which requires a change of possession of personal property sold, to protect it from attachment by the creditors of the vendor or former owner. If such change of possession was necessary to protect the property from attachment, the defendant is entitled to recover. The sale was made on valid and regular judgments and executions by Pond, who was regularly authorized, so that his proceedings in making the sale are as effective in protecting the property from attachment without change of possession as they would have been if he had been a regular sheriff, as was decided in *Gates* v. *Gaines*, 10 Vt. 346. The only irregularity claimed is that, by the return on the execution, which is all the evidence in the case in regard to Pond's proceedings, it is stated that he advertised " at the public house and at the post-office in Pittsford " that the property would be sold " at public auction at the town farm in Pittsford." It is not found that " the town farm " is a different place from either the " public house " or " the post-office." Every reasonable presumption is to be made in favor of the regularity of the officer's proceedings. The maxim *omnia rite acta præsumuntur* applies. But as the counsel on both sides have assumed that the place of sale was different from either place where the advertisement was posted, and have argued the case on that assumption, we prefer not to turn the decision upon the presumption—if such presumption can legally be made—of the regularity of the officer's proceedings.

On this assumption, is the sale deprived of an essential requisite of a sheriff's sale ? It is settled that such an irregularity in the proceedings renders the officer liable to the judgment debtor as a trespasser *ab initio*. *Evarts* v. *Burgess*, 48 Vt. 205. It is equally well settled that the sale operated to transfer the title to the property from the judgment debtor to the plaintiff. *Janes's*

*Admr.* v. *Martin*, 7 Vt. 92; *Wood* v. *Doane*, 20 Vt. 612; *Hall* v. *Miller*, 15 Vt. 211; *Austin* v. *Soule*, 36 Vt. 645. The irregularity in *Janes's Admr.* v. *Martin* was, that the sale was in a chamber with none of the property present, the same being in the barns and sheds on the premises, and that the property was put up and sold together, although it consisted of several distinct articles; in *Wood* v. *Doane*, that the sale was made by the officer at another house about one hundred rods distant from the place where the property was advertised to be sold, the only adjournment announced by the officer having been made at the place of sale; and in *Hall* v. *Miller*, that the property was advertised to be sold, and sold, at a different place from the place where the advertisement was posted; and yet, in all these cases, it was held that the sale conveyed a good title to the purchaser. In *Hall* v. *Miller*, the action was trover by the judgment debtor against the judgment creditor, who was the purchaser. It was held the action could not be maintained, because the purchaser obtained title to the property by the sale. The dictum in this case that the judgment debtor's only remedy was an action on the case against the officer for a false return, is overruled by *Hall* v. *Ray*, 40 Vt. 576, but otherwise the case is recognized as an authority in *Austin* v. *Soule*. In *Janes's Admr.* v. *Martin* and *Wood* v. *Doane*, the possession of the property remained unchanged, and the question arose between the judgment creditor, who was the purchaser, and an attaching creditor of the judgment debtor, in whose possession the property was found, and the sales were held valid sheriff's sales. It is true that by the officer's return in these three cases the sales appeared to have been regular, but the facts were allowed to be shown, and the decisions were placed upon the facts shown.

All the cases hold that a sale of personal property by an officer on a regular process in conformity with the provisons of the statute without fraud in fact, conveys to the purchaser a good title without change of possession. The decisions are not uniform in the reasons stated for giving to such sales this effect, nor do they decide whether any or what defects in the proceedings will deprive the purchaser of this protection. This protection to the purchaser does not depend upon the officer's return upon the process. *Bates*

v. *Carter,* 5 Vt. 602 ; *Gates* v. *Gaines, supra ; Hill* v. *Kendall,* 25 Vt. 528. Such purchaser is not concluded by the facts stated in the officer's return, but may show the sale was made in a manner different from that stated in the return. *Drake* v. *Mooney,* 31 Vt. 617. This protection is lost if the title of the purchaser rests upon the consent of the judgment debtor, rather than the authority of the precept and the officer's proceedings thereon. *Batchelder* v. *Carter,* 2 Vt. 168 ; *Kelley* v. *Hart,* 14 Vt. 50. It is also lost if, by a secret agreement between the judgment debtor and the purchaser, the sale conveys a conditional or defeasible title. *Webster* v. *Denison,* 25 Vt. 493. The first case in which it is held that by a sheriff's sale the title to personal property effectively passed to the purchaser without change of possession is *Boardman* v. *Keeler,* 1 Aik. 158. No question is there made on the regularity of the officer's proceedings. The publicity and notoriety of the sale are the reasons announced for giving it this effect in that case, and also in the case of *Bates* v. *Carter.* In the later cases, it is held that it is not the publicity and notoriety of such sales that gives them this effect, but rather the fact that the transfer of the title is by operation of law by virtue of the process and the officer's proceedings thereon. *Gates* v. *Gaines, supra ; Kelley* v. *Hart,* 14 Vt. 50 ; *Austin* v. *Soule, supra.* It is well said by KELLOGG, J., in the case last cited, that many private sales are attended with even more publicity and notoriety than attend ordinary sheriff's sales when conducted in strict compliance with the provisions of the statute. If the effectiveness of such sales to protect the purchaser without change of possession arises from the fact that the title to the property is transferred by operation of law, it logically follows that wherever the law transfers the title to the property sold by virtue of the process held by the officer and his proceedings *in invitum,* though somewhat irregular thereon, the purchaser will be protected without taking the property into his possession. Some expressions made by HUTCHINSON, J., in the opinion in *Batchelder* v. *Carter,* would seem to demand a strict compliance with the statute to constitute a sheriff's sale. After stating that the officer in that case derived all his power to sell from the agreement of the parties ; that no precept could

have authorized so sudden a sale without the agreement of the parties, and such agreement would answer as well without a precept as with, he says : " A sheriff's sale, such as was intended in the case of *Boardman* v. *Keeler*, supposes a judgment establishing a debt due ; an execution upon that judgment ; that delivered to an officer under oath to be faithful and impartial ; a levy upon property by such officer ; advertising the same for sale at least fourteen days, naming some public place ; an exposure of the property at public auction by such officer at the time and place advertised . . . and, in the end, an official return by such officer upon such execution to the office whence it issued." It is evident that this language must be construed relatively to the case in hand, in which the sale was made by the agreement of the parties on an attachment on mesne process before the law authorized such sales and without advertisement ; for in the next case in which the subject of sheriff's sales comes before the court, *Bates* v *Carter*, this strictness was not followed, though urgently pressed upon the consideration of the court. The officer's return, which was the only evidence of his proceedings, stated that he posted the property " as the law directs at the dwelling house of James Hale, in Barre, and on the 4th day of September sold," &c. It did not state when nor where nor how he posted it. The law required it should be posted fourteen days on the sign post or such other place as the parties should agree upon, and that the sale should be made only on the failure of the judgment debtor to redeem the property within the fourteen days. It was nevertheless held to be a good sheriff's sale, PADDOCK, J., in giving the opinion, in reference to these points saying: " Several other exceptions were insisted upon by the defendant, which might be urged with more propriety, were the execution debtor prosecuting Peter Nichols, the constable, but they can have but little if any application where the right acquired by the purchaser to the property sold is called in question. Very few people would risk their money, were the title to their purchases to depend upon the legality of the officer's proceedings, and for that reason, the policy of the law is to protect purchasers." Again, in reference to there being no change of possession, he says : " Every pre-

sumption of fraud is done away by the open, public and notorious sale by the officer." In the next case in chronological order, *Janes's Admr.* v. *Martin,* the facts of which have been sufficiently stated, no particular discussion of what constitutes a sheriff's sale is found, though the sale in that case was held a valid sheriff's sale. In *Gates* v. *Gaines,* the sale was to the execution creditor by an authorized person who had made no return of his doings on the execution. It was held a good sheriff's sale. Two reasons are stated by REDFIELD, J., in the opinion, for making such sales an exception to the ordinary rule requiring a change of possession in the sale of personal property: first, the publicity and notoriety of the sale, and second, that the sale or change of title is by operation of law, " and the law will not impute fraud to its own officers and ministers." In the next case, *Kelley* v. *Hart,* the judgment debtor agreed with the officer that if he did not pay him by a day named, he might sell the property on that day at public auction, the same as though he had legally posted it for sale that day at the place named, and the sale was made without the property having been advertised. It was urged that the distinguishing feature of a sheriff's sale was its notoriety. The sale was held invalid as a sheriff's sale. REDFIELD, J., after stating that such sales were an exception to the general rule requiring change of possession, says: " For myself I think this exception rests more upon the fact that it is a transfer of the title by operation of law than upon its notoriety," and farther on in the opinion, " sheriff's sales and all sales by the officers of the law must be held *prima facie* good to transfer the title of the debtor upon that appearing to have been done by such officer which the law requires to be done previous to the title passing. Now no law, and no practice, requires such officer to make any delivery of the property. When he appears to have proceeded as sheriff or other officer, and the sale is *in invitum,* it will be recognized as an exception to the rule . . . If he were really acting in the capacity of a public officer, and by authority of his precept, we are not called upon to determine how far any circumstantial defect in his previous proceedings would affect the title of the purchaser. At least, we think it no hardship to hold, that where any specific advantage is

claimed by force of a sheriff's sale, it should be shown to have been strictly of that character.    Not only the agent should have been a public officer, but in making the sale he should have acted under the authority of his precept."

In *Wood* v. *Doane*, the facts of which have been sufficiently stated, the same learned judge, after stating that the only question was whether it was a sheriff's sale, says: "There can be no doubt that it was sufficient to devest the title of the debtor : 1. Because any informality in the proceedings of the sheriff will not defeat the title of the purchaser, if the proceedings be substantially in conformity to the law, even when it appears on the face of the return.    2. The debtor assented to the sale being at the place where it was, or did not object and was 'satisfied.'    3. The return of the officer shows a regular sheriff's sale, and is conclusive between the parties."  "But if the sale be good against the debtor, so it is also against the creditors, so far as it can be sustained independently of any consent of the debtor and is free from all collusion on his part.    *Burroughs* v. *Wright*, 16 Vt. 619 ; *Janes* v. *Martin*, 7 Vt. 92.    That this is a sufficient sheriff's sale has already been shown, the consent or 'satisfaction' of the debtor being unnecessary to constitute it a valid sale, it being sufficient on two other grounds.    That the proceeding of the sheriff was in fact strictly *in invitum*, there can be no doubt."    In *Austin* v. *Soule*, it is distinctly held that it is not their notoriety, but the fact that the title to the property is transferred by operation of law, through proceedings *in invitum* of an officer of the law on a legal process, which makes sheriffs' sales an exception to the rule requiring a change of possession in the sale of personal property. The decisions thus reviewed are all there are in this State which discuss the validity of sheriff's sales and their distinguishing characteristics.    The unmistakable result of these decisions is, that wherever the proceedings *in invitum* of the officer on a legal process in substantial compliance with law, unaided by any consent of the judgment debtor, by their legal force operate to transfer the title of the property to the purchaser, the sale, though somewhat informal and defective, is a good sheriff's sale, and will protect the property to the purchaser without a change of possession.

It is also equally clear that where the officer wholly fails to comply with some substantial requirement of the law, such as a failure to advertise the property or sell the same at public auction, the sale is inoperative as a sheriff's sale. In the case at bar no consent of the judgment debtor to the assumed irregularity is shown, but within the decided cases, the proceedings of the officer on the execution operated to transfer the title of the property to the plaintiff, and was therefore a valid sheriff's sale.

*Judgment affirmed.*