DEAN *against* PITTS.

THIS was an action of *assumpsit*, brought on two promissory notes made by the defendant and *Sylvester Richmond*, dated 5th *November*, 1793. The defendant pleaded *non assumpit* and the statute of limitations.

On the trial, at the *Rensselaer* circuit, in 1811, it was proved, that about two years before, the defendant was shown the notes and called upon for payment. The defendant admitted that he made the notes, and that they were given for an honest debt, but said that they had been paid; that the defendant had sent the money to *Richmond*, and he supposed *Richmond* had paid the plaintiff; but if *Richmond* had not paid the notes, the defendant said he would pay them; that he would not plead the statute of limitations, unless the money had been paid; and he thought he could make that appear.

The judge was of opinion, that this acknowledgment took the case out of the statute, and directed the jury to find a verdict for the plaintiff.

A motion was made to set aside the verdict, and for a new trial; which was submitted to the court on the above case, without argument.

*Per Curiam.* The defendant admits the debt, and does not pretend he had paid it, but supposed his partner *Richmond* had paid it, and he takes upon himself the burden of proving it, for he said *he thought he could make that appear.* This was sufficient to take the case out of the statute, and to cast upon the defendant the necessity of proving payment; and though the court might have been induced to have looked with a very indulgent eye upon the proof of the payment which might have been produced, yet here none was attempted to be produced.

Motion denied.

A. was sued on a note given by him and B., in 1793, and pleaded the statute of limitations. It was proved that A., about two years before the suit was brought, was shown the note, and admitted that he made it; but said that it had been paid, and that he had sent the money to B. to pay the plaintiff, and supposed it was paid; and that he could make it appear that it had been paid. It was held that this was a sufficient acknowledgment to take the case out of the statute, and that the burden of proving the payment rested on the defendant.