# ADDISON COUNTY.

## JANUARY TERM, 1839.

PRESENT, HON. STEPHEN ROYCE,
     " JACOB COLLAMER,     *Assistant Justices*
     " ISAAC F. REDFIELD,
     " MILO L. BENNETT.

## PHELPS *v.* STEWART & WOOD.

The plaintiff, in his declaration, averred, that, in consideration that he undertook and agreed with the defendants, that they should have all the
profits arising from plaintiff's stock in an insurance company, for one
year, the defendants promised the plaintiff to pay him six per cent. on
the amount of said stock, and to pay all the losses which the plaintiff
should be called upon to pay during said year. &c. On the trial the
plaintiff gave in evidence a written contract, signed by the defendants,
wherein they agreed to pay the plaintiff six per cent. on the amount of
said stock, and all losses, as above stated, *by having all the profits arising from said stock during said year*, and introduced testimony tending to prove that the plaintiff, from the time of the making of said agreement, intended that the defendants should receive the profits of said
stock, and pay the plaintiff therefor, as stipulated in said written contract;—Held, that there was a sufficient consideration to support the
promise made by the defendants.

An unqualified acknowledgement of a debt, barred by the statute of limitations, as unpaid and still subsisting, is evidence from which a new promise to pay may be inferred.

Where one of two joint debtors offers to pay half of a debt, barred by the

ADDISON,
*January,*
1839.

Phelps
*v.*
Stewart &
Wood.

statute of limitations, and refuses to pay the other half, saying that the other debtor ought to pay it ; Held, that such offer would not remove the statute bar, as to the whole debt.

This was an action of assumpsit, wherein the plaintiff declared, in substance, as follows: that, on the first day of January, 1828, the plaintiff owned and possessed one hundred and fifty two shares, amounting to the sum of $1520, of the stock of the Vermont Fire Insurance Company, and that the defendants were also, severally, owners of other shares of said stock ; that afterwards, on the eleventh day of February, 1828, the plaintiff was desirous of dissolving his connexion with said company and withdrawing his funds therefrom, and that the defendants, to induce the plaintiff to continue a member of said company, on the same eleventh day of February, 1828, proposed to the plaintiff to guarantee to the plaintiff, for one year from said first day of January, 1828, six per cent. profit on the plaintiff's said stock, and in consideration that the plaintiff, on the same eleventh day of February, 1828, undertook and agreed with the defendants that the defendants should have all the profits arising from said stock of the plaintiff, in said company, for the year ending on the first day of January, 1829, the defendants undertook and promised the plaintiff to pay him six per cent on the amount of his said stock for the year ending, on said first day of January, 1829, and also to pay all the losses which the plaintiff should be called upon to pay for said year.

And the plaintiff averred, that, during said year, said company sustained large losses by insurances against damages by fire, the plaintiff's share of which amounted to two hundred dollars, which sum the plaintiff was called upon to pay, of which the defendants had notice ; and that the defendants had never paid to the plaintiff the said sum of six per cent. on the plaintiff's said stock, amounting, for the year ending January first, 1829, to the sum of $91,20 ; and that the defendants had never paid to the plaintiff, or to any other person in his behalf, the plaintiff's share of the losses sustained for and during said year, nor any part thereof, though requested, &c.

ADDISON,
January,
1839.

Phelps
v.
Stewart &
Wood.

The defendants pleaded, 1st, *non assumpsit*; 2d, the statute of limitations, and issues were joined thereon to the court.

Upon the trial in the county court, the plaintiff offered in evidence an agreement, signed by the defendants, of which the following is a copy :

" We, the subscribers, hereby agree to pay to Samuel S. " Phelps, Esq., six per cent. on the amount of his stock " owned 1st January, 1828, in the Vermont Fire Insurance " Company, for the year ending 1st January, 1829, and agree, " also, to pay all the losses that he may be called upon to " pay, on account of said shares, by having all the profits " arising therefrom.

Signed　　　　　" IRA STEWART,
　　　　　　　　　　" NATHAN WOOD.

" Middlebury, Feb. 11, 1828."

The plaintiff also introduced Peter Starr and J. S. Bush‑ nell, as witnesses. The former testified, that the plaintiff and the defendant, Stewart, came to witness's office to examine the old books of said Fire Insurance Company, but the witness did not recollect any of the conversation had between them on that occasion; that the witness left the office, and left the plaintiff and the defendant, Stewart, in the office.

J. S. Bushnell testified, that he came into the office before Mr. Starr left it; that the plaintiff and Stewart were conversing; that Stewart said he would pay one half the sum claimed by the plaintiff, which sum witness thought was ninety dollars; that Stewart made no other objection than that Wood, the other defendant, ought to pay half. The witness further testified as follows: " I cannot say that Mr. Stewart admitted that he ought to pay any thing, but when Stewart went out, he said he could not pay Wood's debt, that he had paid enough for him." The plaintiff then offered a paper, on which were figures, and asked the witness if the figures made with a pencil were not Stewart's figures ? The witness answered that he thought they were. The conversation, testified to by the witness, Bushnell, as having taken place between the plaintiff and the defendant, Stewart, was in the year 1835.

The following is a copy of the paper referred. to, with Stewart's figures upon it.

ADDISON,
January,
1839.

Phelps
v.
Stewart &
Wood.

" Amount paid by Secretary for
 " losses,                    $2328,37
      (See pages 22 & 34.)
"Received for premiums and
 " int.,                       2077,93
                              ————— (Stewart's figures
            "Differ,         $250,44  in the margin.")
" Amount on 152 shares,      $19,00    "154,83
" Add interest on $1520,      91,20      4,89

                             $110,20   $149,94
"Interest on $110,20, from              74,97"
   "February, 1820, to Novem-
   "ber, 1835, six years nine
   " months, 40 1-2 per cent.,  44,63
                              —————
                             $154,83."

The county court decided that the evidence introduced, was sufficient to show a good consideration for the promise set forth in the plaintiff's declaration, and sufficient to take the case out of the statute of limitations, and rendered a judgment for the plaintiff to recover against both of the defendants, to which decision and judgment the defendants excepted.

*D. Wooster*, for defendants.

To support this action, it was necessary for the plaintiff to prove a good and sufficient consideration. Here was no consideration, whatever, for the promise of the defendants. There was neither damage to the plaintiff nor advantage to the defendants. Nor was there any promise or agreement, on the part of the plaintiff, that could be a consideration for the promise of the defendants. Where the promise of one party is the consideration for the promise or agreement of the other party, both parties must be bound, or neither. This is an invariable rule. 1 Swift's Dig. 191. 3 T. R. 653, 757. The promise or agreement, being in writing, does not vary the case. There is the same necessity for a consideration being proved as if it were not in writing. *Rix* v. *Adams &*

Phelps
*v.*
Stewart &
Wood.

*Throop*, 9 Vt. R. 239. As to the plea of the statute of limitations, the testimony does not show such admissions by Stewart, as will take the case out of the statute.

Stewart offered to pay half without admitting he owed any thing.

It was a proposition for a compromise, and not being accepted, ought not to prejudice the defendants. 13 Johns. R. 288. 11 Johns. R. 141.

What fact does witness say Stewart admitted? Witness says he did not admit that he owed any thing. If Stewart said Wood ought to pay half, and that he had paid enough for Wood, this is not such an acknowledgment as will take the case out of the statute. It is no acknowledgment as to his owing any thing. An acknowledgment must be a full and unqualified concession of an existing indebtedness. *Barlow* v. *Bellamy*, 7 Vt. R. 56. 13 Com. L. R. 273. 24 do. 283. 16 do. 284. 17 do. 219. 2 do. 236, 479. 3 Taunton R. 380. 2 N. H. R. 426.

*Plaintiff pro se.*

I. The first question relates to the supposed want of consideration.

The instrument given in evidence, indicates, on its face, the consideration upon which the promise was founded. The expression, "by having all the profits arising therefrom," expresses a consideration.

The only question arising upon this part of the case, is the question of fact, whether the plaintiff promised the defendants that they should have all the profits. If so, the promise on one side is a good consideration for the promise on the other. To determine this question of fact, the plaintiff relied on the testimony of Bushnell, showing that Stewart recognized the contract as binding. This testimony certain-ly *tended* to prove that the consideration had been received, and this being an issue of fact, tried by the court, if the testimony tended to prove the fact, no exception lies upon the ground that the evidence is insufficient. If a jury could have been authorized to draw the inference, the court, in this instance, might do the same.

II. As to the statute of limitations.

Here, again, it is to be borne in mind that this was an is-

ADDISON,
Jaunary,
1839.

Phelps
v.
Stewart &
Wood.

sue of fact, tried by the court, and so far as the court have performed the office of a jury, so far no exception lies.

The question then becomes this, whether the evidence introduced by the plaintiff, could properly have been left to the jury, had the issue been tried by them. On this point there can be no doubt. The language of Stewart, one of the defendants, amounts to an absolute acknowledgment of the debt, by expressing his readiness to pay one half the debt, and making no other objection than that Wood ought to pay the other half. 2 Starkie's Ev. 894.

This case is stronger for the plaintiff than the case in Starkie, for there, although the party expressed his willingness to pay half the debt, yet, there was no admission that the other half was due.

The objection to this evidence, is, that the language of the defendant, Stewart, is to be understood as a mere proposition for a compromise. But, whether it is to be so understood, or taken, as intended at the time, as an acknowledgment of the debt, is a question of fact, proper for the consideration of a jury.

Had the case been tried by a jury, the evidence should, unquestionably, have been submitted to them, for them to decide this question. As they might have found it an acknowledgment, so the court, as triers of the fact, might do the same. Indeed, the court have found it so, as a matter of fact.

It would be a libel upon them to suppose they proceeded upon the ground that a mere proposition for a compromise would take the case out of the statute.

The declaration of the witness, that he could not say that Stewart admitted he ought to pay any thing, stands upon the same footing. It is a mere qualification of his testimony, and imports merely that no such admission was made, *in terms*, and, after all, leaves the question as it was, as to the legal import of what the defendant did say.

The opinion of the court was delivered by

ROYCE, J.—The defence in this case was placed upon two grounds : 1. The want of consideration for the promise declared on ;—2, The statute of limitations.

The plaintiff was bound to prove the consideration alleged in his declaration; and this was a promise, on his part, that

ADDISON,
January,
1839.

Phelps
v
Stewart &
Wood.

the defendants should have all the profits upon his stock for the year ending January 1, A. D. 1829. Such an engagement does not conclusively appear from the written contract of February 11th, A. D. 1828, for the reason, that that contract was signed by the defendants alone, and not by the plaintiff. It frequently happens, however, in executory stipulations of this character, that the undertaking of the party, receiving such a contract, that he will be bound by it, and perform what is essential to give it operation against the other party, is established by implication and inference from the attending facts and circumstances. This is illustrated by the common case of a promise to pay the debt of another, in consideration of forbearance. If, in such a case, the creditor appears to have acted upon the contract, by granting the forbearance stipulated for, it will generally be implied, that, in accepting the collateral promise, he engaged to forbear. The question then arises, whether the evidence, in the present case, had a legitimate tendency to show that the alleged promise, on the part of the plaintiff, was in fact made. That it had such tendency, we have no doubt; and since it is not our province, upon this occasion, to weigh the evidence, I shall merely allude to some circumstances in it, which we think were clearly proper for the consideration of the triers. The first thing to be noticed, is, the written contract, signed by the defendants. Considering the known capacity and acquaintance with business possessed by all these parties, it is highly improbable that the agreement should have been left imperfect, depending for its validity upon the option of one party, when no such option is expressly given by the writing. The last clause of the contract, " by having all the profits arising therefrom," does not necessarily import that the plaintiff had retained the right of withholding those profits. So far from it, that, had he signed the agreement, this clause would doubtless have been construed as a stipulation on his part to surrender them. Again, the case discloses no act or declaration of the plaintiff, at any period, indicating that he did not intend to abide by the agreement, or that he did not regard it as obligatory upon himself. And, at last, we find the plaintiff and the defendant, Stewart, together, in A. D. 1835, adjusting the results of this contract, with no intimation, on either side, but that it was, and always

ADDISON,
January,
1839.

Phelps
v.
Stewart &
Wood.

had been, mutually binding.   In view of all this we do not feel at liberty to say that the alleged consideration has been found by the court below, without evidence properly tending to establish it.

The other ground of defence remains to be considered.  In this form of action, a subsequent express promise was always held to remove the statute bar to a recovery.   And it is settled law, in this state, that an unqualified acknowledgment of the debt as unpaid and still subsisting, is evidence from which a new promise to pay is to be inferred.   In deciding what shall amount to such acknowledgment, we have discarded the old rule of construction, which had nearly operated to repeal the statute, and we now hold that the conduct and declarations of the party shall be understood in their natural and obvious sense, as if applied to any other subject.   The question is, whether here was such an acknowledgment of this demand, by the defendant, Stewart, in 1835, as will justify the inference of a promise to pay it. This defendant, without distinctly admitting that the debt was then due, offered to pay half of it, at the same time saying that Wood ought to pay the other half.   Thus far his declarations may fairly be construed as an admission that the whole debt remained unsatisfied ; in other words, that he and Wood still owed the entire debt.   From this the inference of a promise, that they would pay the debt, might properly be drawn.   But that was not the whole declaration.   He added, " that he could not pay Wood's debts, he had paid enough for him."   These expressions amounted to an explicit refusal to pay Wood's portion of this debt. Now I understand the doctrine upon this subject to have undergone some change within the last few years.   It does not, as formerly, limit the operation of the statute to those cases alone where a presumption of payment may be made. Another consideration is involved, when the acknowledgment of a debt, already barred by the statute, is relied upon, that of an express or implied waiver, by the debtor, of his protection under the statute.   An acknowledgement of the debt, standing alone, contains this implied waiver, because it justifies an inference of the debtor's intention to pay what he confesses to be due from him.   But, if the intention to pay is fully negatived, there is no ground for inferring any

ADDISON,
January,
1839.

Phelps
v.
Stewart &
Wood.

such waiver. The rule to be extracted from the recent decisions in this state, is, that there must be an acknowledgment of the debt as still due, with an apparent willingness to remain liable for it, or, at least, without an avowed intention to the contrary. Here the defendant openly declared his determination not to pay, beyond the one half which he offered to pay. We are not at liberty, therefore, when all the declarations are considered, to raise an implied promise, in direct opposition to the party's declared intention. The consequence is, that, upon the facts proved, the plaintiff was entitled to recover but a moiety of his demand. And whether this could be recovered against both defendants, or against Stewart alone, we do not decide, as the cause is opened for another trial, and the question was not raised in the argument.

Judgment of county court reversed.

After this court had rendered a judgment, reversing the judgment of the court below, the plaintiff moved for a judgment for the half of the debt which the defendant, Stewart, had distinctly offered to pay. But the court declined entering such judgment, on the ground that when, as in this case, the issue of fact below is tried by the court, and the evidence, only, is stated in the bill of exceptions and not the facts found, it is not competent for this court, after reversing the judgment of the court below, to proceed to enter a final judgment in the case.

In such case either party is entitled to a new trial, by jury.