Sanderson *v.* Milton Stage Company.

••»•◉❀•◄◄••

CARLOS W. SANDERSON *v.* MILTON STAGE COMPANY.

Where one member of a firm gave notice to his co-partner, that the connection between them was dissolved, but this was not assented to by the co-partner, and the parties did not afterwards act upon it, it was held, that it did not operate a disolution of the firm.

Notice of the dissolution of a firm must be given to the creditors, or their right to recover for services rendered by them upon the credit of the firm, subsequent to its dissolution, will not be affected.

Sanderson *v.* Milton Stage Company.

The plaintiff had an account against the defendants, for the payment of a
    portion of which a third person was liable to the defendants.   Within six
    years before the commencement of the action, one of the defendants, to-
    gether with the plaintiff and such third person, examined the plaintiff's
    account, and no objection was made to any portion of it, and the items, for
    which such third person was holden, were selected and paid for, and credit
    was given by the plaintiff, for the payment, upon the account; and it was
    held sufficient to take the case out of the statute of limitations.

BOOK  ACCOUNT.   Judgment to account was rendered in the
county court, and an auditor was appointed, who reported the facts,
in substance, as follows.

The Milton Stage Company was a firm, consisting of Phelps
Smith and Henry Thomas, and was engaged in running a stage and
transporting the mail, &c., from Burlington to St. Albans ; and the
plaintiff's account  accrued for services as  a blacksmith, performed
upon the defendants' teams and carriages, at the request of the per-
sons having the care of them, between March 25th and August 5th,
1837.   Smith was the managing partner of the firm.   In the spring
of 1837 one Robinson hired the defendants' teams and carriages,
which were used upon the road north of Milton, and agreed to pay all
the expenses thereof; but no notice of this was given to the plain-
tiff, except that the persons having the care of these teams and
carriages directed him to designate upon his account such services
as were performed upon them.   About the first of July, 1837,
Thomas W. Campbell  and one Stenor purchased Robinson's inter-
est, and assumed all his contracts and liabilities in reference to the
business ; but no notice of this contract was given to the plaintiff.
During all this time all the business was transacted in the name
of the Milton Stage Company.   About the first of July, 1837,
Smith gave notice to Thomas, that all connection between them, re-
lative to the business of the Milton Stage Company, was dissolved ;
but Thomas did not then, nor subsequently, assent to such dissolu-
tion, nor was any notice of the dissolution ever published, or in any
nanner given to the plaintiff.   But the plaintiff did not know, that
Thomas was a member of the company, until his account against the
company had all accrued.   On the 16th day of August, 1837, the
whole account of the plaintiff was examined by the plaintiff, by Smith,
and by Campbell, for the purpose of determining what items accru-

Sanderson *v*. Milton Stage Company.

ed for labor upon the teams and carriages used on the road north of Milton, and Smith and Campbell selected those items, and the parties agreed upon their amount, and that amount was paid by Campbell, with the assent of Smith, and was received by the plaintiff in payment for those items, and the plaintiff credited upon his account the amount so paid. The writ, in this case, was issued August 1, 1843, and was served August 19, 1843; and there accrued of the plaintiff's account, within six years before the issuing of the writ, with the interest, one dollar and sixty-eight cents. The whole amount of the plaintiff.'s account, as allowed by the auditor, was twenty-nine dollars and six cents.

The county court,—BENNETT, J., presiding,—held, that the plaintiff's account was barred by the statute of limitations, except the sum of $1,68, and rendered judgment for the plaintiff for that sum. Exceptions by plaintiff.

*H. Adams* for plaintiff.

1. In order to render the dissolution of a firm effectual as to third persons, notice of such dissolution must in some way be given. In this case no notice was in fact given to the plaintiff, and the defendants remained joint owners of the property, upon which the services, rendered by the plaintiff, were performed.

2. The effect of the payment, made August 16, 1837, was to take the plaintiff's account out of the statute of limitations. The only reason, why a particular application of the payment was made, was, that third persons were liable, not to the plaintiff, but to the defendants, for the payment of the particular items, to which that application was made; but the effect, as between the plaintiff and the defendants, was the same, as if a new balance had been struck in the plaintiff's account.

*Shafter & Peck* for defendants.

1. The payment, made August 16, 1837, did not draw the account within the six years. In order to have that effect it should have been in part payment of the account in question. *Bell* v. *Morrison*, 1 Pet. 362. *Phelps* v. *Stewart*, 12 Vt. 256. *Blake* v. *Parleman*, 13 Vt. 574. 1 C. M., & R. 252. *Mills* v. *Fowkes*, 35 E. C. L. 175. *Edmonstone* v. *Thomson*, 15 Wend. 554.

2. The account is not mutual ; the items are all upon one side. The items, which are within the six years preceding the commencement of the suit, do not draw after them those which are without the six years. *Cote* v. *Harris,* B. N. P. 149. *Chipman* v. *Bates,* 5 Vt. 143. *Kimball* v. *Brown,* 7 Wend. 322. *Edmonstone* v. *Thomson,* 15 Wend. 554.

3. The partnership between the defendants was dissolved by the notice, which was given about July 1, 1837. It was a partnership at will. Story's Part. 84, 271, 272, 322. 3 Kent 53. *Peacock* v. *Peacock,* 16 Ves. 49. *Featherstonehaugh* v. *Fenwick,* 17 Ves. 298. Had it been a partnership for a specific time, or for a specific purpose, it would have been dissoluble at will. *Marquand* v. *N. Y. Manuf. Co.,* 17 Johns. 525. *Skinner* v. *Dayton,* 19 Johns. 538. 3 Kent 54, 55.

4. Thomas is not liable for that part of the account, which accrued after the dissolution, unless the want of notice of the same to the plaintiff renders him so. The obligation to give notice depends upon the fact, whether, as to the plaintiff, Thomas is to be considered as a dormant or as an ostensible partner. The liability of a partner arises either by operation of law, or by his own act. If his connection with the firm is unknown, his liability depends upon his participation in the profits. If his connection is known, it depends both upon his participation in the profits and upon the credit, which it will be presumed was given to his name by those to whom this connection was known. *Grosvenor* v. *Lloyd,* 1 Met. 19. *Newmarch* v. *Clay,* 14 East. 239. *Etheridge* v. *Binney,* 9 Pick. 274. *Lloyd* v. *Ashby,* 12 E. C. L. 67. *Carter* v. *Whalley,* 20 E. C. L. 333. *Heath* v. *Sansour,* 24 E. C. L. 44. *Brisban* v. *Boyd,* 4 Paige 17.

The opinion of the court was delivered by

KELLOGG, J. The notice given by Smith to Thomas about the first of July, 1837, not having been assented to by Thomas, or acted upon by either of the copartners afterwards, was not a dissolution of the copartnership. If, however, it were in law a dissolution of the copartnership, it could not affect the plaintiff's right to recover, inasmuch as no notice of the same was given to the plaintiff. Story on Partnership 247.

Nor can the statute of limitations avail the defendants, under the circumstances of the case. The examination of the account by Smith, the active partner, on the 16th of August, 1837, and the payment then made, amounted to such a recognition of the entire account (there being expressed no repudiation of, or dissent from, any of the items,) as to take the same out of the operation of the statute of limitations. In *Phelps* v. *Stewart et al.*, 12 Vt. 256, the court say "the rule to be extracted from the recent decisions in this state, is, that there must be an acknowledgment of the debt as still due, with an apparent willingness to remain liable for it, or at least without an avowed intention to the contrary." With this rule we are entirely satisfied. The conduct of Smith in examining the account, paying a part of it, and expressing no dissatisfaction with the remaining part, was "an acknowledgment of the entire account, with an apparent willingness to remain liable for it."

The judgment of the county court is reversed, and judgment rendered for the plaintiff upon the report for the amount of his account.