#### FOR THE

### COUNTY OF CALEDONIA.

### MARCH TERM, 1846.

---

#### PRESENT,

Hon. CHARLES K. WILLIAMS, CHIEF JUDGE.
Hon. STEPHEN ROYCE, } ASSISTANT JUDGES.
Hon. DANIEL KELLOGG. }

---

### EPHRAIM PADDOCK v. NEHEMIAH COLBY AND OREN NEWCOMB.

Although a debtor denies his indebtedness, yet, if he expresses a willingness to settle it, if established, and the indebtedness is proved to have existed, the admission is sufficient to take the case out of the statute of limitations.

The attorney in a case has not power, as such, to employ assistant counsel in the suit at the expense of his client; and an employment by him will not bind his client, unless it can be fairly inferred, from the facts in the case, that such authority was given to him by the client.

BOOK ACCOUNT. Judgment to account was rendered, and an auditor was appointed, who reported, that the account presented by the plaintiff against the defendants was for his services as counsellor at law, in a suit in favor of the defendant against third persons,

rendered in the year 1833, and that the defendants relied, before him, upon the statute of limitations, as a defence to the action.    And upon this point the auditor reported, that the defendant Colby, within six years before the commencement of this action, wrote to the plaintiff a letter, in reference to the plaintiff's claim, in which he stated, that he did not suppose that he ought to pay the demand, that he could not feel satisfied that he ought to pay it, but that, if it were right, he would pay it, as he did not mean to decline paying a just debt.    The auditor also reported, that Colby, at the time the writ in this action was served upon him, said to the officer who served the writ, that he had assured the plaintiff he would not take advantage of the statute of limitations.

As to the account presented by the plaintiff, the auditor reported the facts, in substance, as follows.    In 1833 there was pending in the supreme court, in Orleans county, a suit in favor of these defendants, in which action Isaac F. Redfield was attorney for them; and, at the March term, 1833, Redfield employed the plaintiff to assist him in the cause, saying " that he presumed Capt. Colby would justify him in employing assistance, by reason of the cost." The plaintiff, pursuant to this employment, rendered the services, from term to term, charged in his account; and the auditor reported, that the amount charged was no more than a reasonable compensation for the services.    And the auditor, upon these facts, submitted the questions of law to the court.

The county court,—INGALLS, Assistant Judge, presiding,—accepted the report and rendered judgment thereon for ⸢the plaintiff. Exceptions by defendants.

———— for defendants.

1.    The admission made by Colby to the officer, of his assurance to the plaintiff, is no sufficient acknowledgment of the debt, to take the case out of the statute of limitations.    It does not import an admission, that the debt is just, nor a willingness to remain liable for it; *Phelps* v. *Stewart et al.*, 12  Vt. 256; *Cross* v. *Conner*, 14 Vt. 394; but, on the contrary, it negatives both, and implies a confidence in other defences.    *Bangs* v. *Hall*, 2 Pick. 368.    *Bell* v. *Morrison*, 1 Pet. 368, 374.

2.    No inference of a promise can be drawn from the letter writ-

Paddock *v.* Colby et al.

ten by Colby to the plaintiff; for Colby therein denies all liability upon the demand. *Brown* v. *Campbell*, 1 S. & R. 176. *Clementson* v. *Williams*, 8 Cranch 72. *Wetzell* v. *Bussard*, 11 Wheat. 309. *Bangs* v. *Hall*, 2 Pick. 368. These words were held no sufficient acknowledgment;—"I will see D., or write him; I have no doubt he has paid it; if by chance he has not paid it, it is fit it should be." *Poynder* v. *Bluck*, 5 Dowl. 570. See *Brigstocke* v. *Smith*, 1 C. & M. 483, cited at length in Chitty on Contracts, 823. All the leading modern cases require an *unconditional* promise, or its equivalent. *Exeter Bank* v. *Sullivan*, 6 N. H. 135. *Whitney* v. *Bigelow*, 4 Pick. 110. *Porter* v. *Hill*, 4 Greenl. 41. *Deshon* v. *Eaton*, 4 Greenl. 413. *Russell* v. *Copp*, 5 N. H. 154. *Bailey* v. *Crane*, 21 Pick. 324. If the new promise be conditional, it cannot be given in evidence in a suit for the old debt; *Lousdale* v. *Brown*, 4 Wash. 148; *Haydon* v. *Williams*, 7 Bing. 163; *Lechmere* v. *Fletcher*, 1 C. & M. 626; and it must be declared upon specially; Chit. on Cont. 821 note (*z.*) But the words, "if it be right, I will pay," admit nothing and promise nothing.

3. The defendants never employed the plaintiff, nor does the report show such an employment by the attorney, as will bind the defendants. The case of *Briggs* v. *Georgia*, 10 Vt. 68, decides, that an attorney, who has the *management* of a cause, may employ assistant counsel, in the absence of his client, so as to charge the client; but that an attorney, who is merely employed to attend to the case, cannot do this. The court will not go beyond the report, and *presume* the existence of facts, which would authorize the employment. The case, then, presents the question, whether an attorney, under all circumstances, by virtue of his general authority, has power to charge his client by the employment of associate counsel. It does not appear, that the attorney had any *agency*, or "general management," or that the clients were not in the vicinity.

——— for plaintiffs.

It sufficiently appears, that Mr. Redfield was both the attorney and agent in managing the suit,—neither of the defendants attending court,— and it was unquestionably his duty to do all, which a prudent man would deem necessary, in order to ensure a judgment in his client's favor. *Briggs* v. *Georgia*, 10 Vt. 68.

The opinion of the court was delivered by

WILLIAMS, Ch. J.   The statute of limitations is no bar to the recovery of the plaintiff in this case.   The letter of Colby and his remark to the officer, who served the writ, were a waiver of any defence under the statute.   Although he does not admit an indebtedness, yet, if the fact of indebtedness be established, he expresses his willingness to settle and adjust the same.

The other question presented is one of more difficulty and importance, both as a practical question in its operation on attornies gengenerally and as to its application to the case under consideration. The plaintiff was not employed by the defendants, personally, to attend to the suit, for which the charges were made.   There was no evidence presented to the auditor, that the defendants recognized his employment, or consented thereto, or acquiesced therein.   His right to recover depends entirely on the authority of Judge Redfield, who was then at the bar, to employ him at the expense of the defendants.

In the first place, Judge Redfield did not profess to have any such authority from the defendants ;—" He presumed Capt. Colby would justify him in employing assistance, by reason of the cost,"—expecting, of course, that the act would be ratified by the defendants, and not claiming, that his engagement was binding on them, in consequence of his authority as an attorney in the cause.   A party to a suit may entrust his cause to any counsel he thinks proper to employ ; the person employed may manage the cause and charge him therefor according to the difficulty and importance of the case; the party may judge for himself, whether any assistance is wanted ; but the attorney cannot, without consulting his employer, employ any one to assist him, at the expense of his principal.   It is not incident to the nature of his employment, that he should have this power, unless it can be fairly inferred, that such authority was given, from the facts in each particular case.   Nothing is found by the auditor, from which such authority can be inferred in this case.

In the case of *Briggs* v. *Georgia*, 10 Vt. 68, relied on by the plaintiff, it was considered, that an attorney might combine the character of an agent generally and of an attorney to attend to the cause in court.   But the power of an attorney at law, who only prosecutes, or defends, a suit, to employ assistant counsel was not

recognized in that case. If it had been considered, that he had such power, the decision would have been, that Mr. Briggs was entitled to recover, at all events, on the employment by Mr. Allen. It was, however, expressly said, that no such authority existed in Mr. Allen, to employ counsel at the expense of the town, without the consent of their agent. The decision was, that it should have been left to the jury, to find whether Mr. Briggs was employed, or managed the suit, with the consent of the agent, expecting that the town of Georgia would remunerate him therefor. The authority of that case is against the right of the plaintiff to recover against the defendants on the facts found by the auditor. The services rendered by the plaintiff were of value to the defendants, and he ought to be compensated therefor; but we can find no authority to charge the defendants.

The judgment of the county court is reversed, and, on the alternative presented by the auditor, judgment must be rendered for the defendants.