Carruth *v.* Paige.

DANIEL CARRUTH *v.* RALPH PAIGE.

Upon the trial of an action upon book account, before a justice of the peace, the defendant stated, that he would not take advantage of the statute of limitations, but if it was a just account he would pay it, but at the same time contended, that it was not a just account.   *Held*, that this was not a sufficient acknowledgment of the debt to avoid the operation of the statute.

The decision in *Phelps* v. *Stewart et al.*, 12 Vt. 256, as to the sufficiency of an acknowledgment to avoid the operation of the statute of limitations, considered and approved.

BOOK ACCOUNT.   The action was commenced before a justice of the peace, and came to the county court by appeal, taken by the plaintiff.   Judgment to account was rendered, and an auditor was appointed.

The defendant insisted before the auditor, that a portion of the plaintiff's account was barred by the statute of limitations.   It appeared, that at the trial before the justice, the defendant stated, that he would not take advantage of the statute of limitations, but if it was a just account he would pay it, but at the same time contended, that it was not a just account.   The auditor reported, that if this was a sufficient acknowledgment to avoid the statute, there was due from the defendant to the plaintiff $48,93; but that otherwise the amount due to the plaintiff was $4,60.

The county court, April Term, 1849,—HALL, J., presiding,— rendered judgment for the plaintiff, upon the report, for $4,60. Exceptions by plaintiff.

*Thrall & Smith* for plaintiff.

1. The defendant, in person, and in open court, expressly declined to interpose the statute bar.   This a party might well do ; and having done so, the trial of the case must proceed upon its merits, without reference to the statute.

2. The admission and promise of the defendant were sufficient to have removed the bar, if it had been interposed.   The indebtedness of the defendant and the justness of the claim have been established by the auditor, and the promise of the defendant to pay the judgment is become absolute.   Bal. on Lim. 188, 190.   *Paddock* v. *Colby et al.*, 18 Vt. 485.   *Blake* v. *Parleman*, 13 Vt. 574, 577.

Carruth *v.* Paige.

*Foote & Hodges* for defendant.

The defendant made no new promise, expressed no willingness to pay, or to be liable, and acknowledged no indebtedness, or obligation. There is therefore no such acknowledgment, as will remove the statute bar. *Phelps v. Stewart et al.,* 12 Vt. 256. *Cross v. Conner,* 14 Vt. 395.

The opinion of the court was delivered by

HALL, J. The language used by the defendant, which is relied upon by the plaintiff to save the account from the operation of the statute of limitations, would doubtless have been held sufficient under former English decisions. But if the modern rule, requiring some acknowledgment, from which a willingness to be liable for the debt may be fairly inferred, is to be adhered to, there would not appear to be any ground for giving it that effect. The declaration of the defendant, that he would pay the debt, was not only accompanied with the condition, that it should be found to be just, but with the protestation, that it was unjust. The language was also used, while he was engaged in the very act of contesting the plaintiff's recovery of the account, because, as he alleged, it was unjust. Under these circumstances it seems impossible to maintain, that the defendant intended to admit any liability for the debt.

The counsel for the plaintiff rely upon *Paddock v. Colby,* 18 Vt. 485, as an authority for construing the defendant's admissions into a waiver of the statute bar. The language of the defendant in that case to the officer was, " that he had assured the plaintiff, that he would not take advantage of the statute of limitations." This language, unlike that in the present case, was unconditional, and unaccompanied with any protestation, that the claim was unjust. If it could have been inferred in that case, that the assurance of Colby to Paddock, that he would not take advantage of the statute of limitations, had been made before the statute had become a bar, and that Paddock had in consequence allowed the six years to run before bringing his suit, the defendant might perhaps have been very properly estopped from recalling his assurance, upon the common doctrine, that admissions, which have been acted upon, are conclusive upon the party making them. It should also be observed, that the language of the court in that case upon the question in regard to the

statute of limitations is very brief; and that any decision upon that question seems unnecessary, the defendant in the case being held not liable for the claim upon another ground.

But whatever may have been the ground of decision in that case, we are disposed to adhere to the doctrine laid down in *Phelps* v. *Stewart et al.*, 12 Vt. 256, and which has been repeatedly re-asserted and acted upon by this court, that to prevent the operation of the statute, " there must be an acknowledgment of the debt as still due, with an apparent willingness to remain liable for it, or at least without any avowed intention to the contrary."

It is very plain, that the defendant did not, by any thing he is reported to have said on the trial before the justice, express any willingness to be liable for the debt, but that he was, on the contrary, all the time declaring it to be unjust and contesting the plaintiff's right to recover it.

We are all agreed, that the defendant's acknowledgment was insufficient, and that the judgment of the county court should be affirmed.