Hill v. Kendall.

## MOSES HILL v. DAVID P. KENDALL.

*Assumpsit. Statute of Limitations. Bankruptcy. Subsequent promise.*

The title of a purchaser, at a sheriff's sale on execution, does not depend upon the return of the officer, or upon any thing subsequent to the sale ; but upon the fact of the sale and purchase, and the sale may be proved by parol evidence.

Where one said, *that if he had not paid the debt, he would pay it,* upon proof that he had not paid the debt, the promise becomes absolute, and sufficient to avoid the statute of limitations or a discharge in bankruptcy.

A promise to the party, or his agent, to pay the debt, where the statute has run or the debt is barred by a discharge in bankruptcy, with an intent to confirm the original demand, is always sufficient to avoid the statute of limitations, or a discharge in bankruptcy.

And where the debtor, under such circumstances, makes the promise to an agent, the promise inures to the benefit of the creditor, and he will be entitled to recover upon such promise.

Assumpsit for goods sold and delivered. Plea, *general issue, a discharge in bankruptcy,* and also *the statute of limitations.*

The defendant replied to the two last pleas. 1. A new promise since the discharge in bankruptcy. 2. A new promise within six years.

.The issues, by agreement of the parties, were tried by the court. The plaintiff's claim was for two tons of hay bid off by the defendant, at a sheriff's sale on an execution in favor of Albert Rankin, against one Thomas Knox.

On trial, it appeared and the court found from the testimony the following facts:

That plaintiff, in 1841, had two executions, for collection, in favor of the said Rankin, and against said Knox; that said executions belonged to one Calvin Morrill, and that said hay and some other property was sold on the same.

That said Morrill directed the plaintiff to sell the property taken upon said executions, on a credit of six months, with security, and at said sale, the defendant purchased the said two tons of hay, at $6,05 per ton, and received the said hay, but did not pay for the same. That the plaintiff did not make any return upon said executions of said sale, as appeared by said executions pro-

duced on the trial; but said sale and delivery was proved by *parol* evidence, to which the defendant objected; but the court overruled the objection and admitted the testimony, to which the defendant excepted.

That after the plaintiff had finished the sale on said execution, he gave to the said Morrill a memorandum of several sales on credit, among which was that of the said two tons of hay sold to the defendant, that said Morrill might collect and receive the pay on the same.

That in 1846, the said Morrill called on the defendant to pay for the said hay; that defendant said, he had paid for the said hay, and said Morrill told him, he had not, or he thought he had not, as he, Morrill, had not received it, and after this, and some farther conversation about the defendant having gone through bankruptcy, the defendant told said Morrill that if he, defendant, *had not paid* for the said hay, *he would pay* for it.

That in 1850, said Morrill again saw the defendant, and called on him to pay for said hay, and that the defendant then said, he had not paid for said hay, and never would pay for it.

The *County Court*, July adjourned Term, 1852,—POLAND J., presiding,—decided that neither, or both of the statements made by the defendant to the said Morrill, as above stated, were sufficient to avoid the defendants discharge in bankruptcy, and the statute of limitations, and rendered judgment for the defendant.

Exceptions by plaintiff.

*O. T. Brown* and *Davis & Dana* for plaintiff.

The defendant promised to pay for the hay if he had not paid for it, and subsequently admitted that he had not paid for it. This is sufficient. *Dean* v. *Pitts*, 10 Johns. 35. *Mosher v. Hubbard*, 13 Johns. 520.

Defendant's discharge in bankruptcy is no bar to plaintiff's recovery in this case.

The plaintiff was directed to sell the property, on a credit of six months, with security, and we claim, that his non compliance with the directions, made him liable to Morrill, as the surety of defendant, and if surety, his subsequent promise to Morrill renewed the debt against defendant, there being an implied promise on the part of defendant to pay the plaintiff, and there is no difference or

Hill *v.* Kendall.

distinction between an express, and implied promise, except as to the mode of substantiating it. Chitty on Cont. 19 and (D) *Selfridge* v. *Gill*, 4 Mass. 96. *Wells* v. *Mace et al.*, 17 Vt. 503.

*E. A. Cahoon* and *H. S. Bartlett*, for defendant.

1. The proceedings of the plaintiff, as officer selling property on execution should appear in his return thereon, no return having been made, we think, the deficiency cannot be supplied by parol evidence.

Any fact, which should be matter of record, should be proved by the record. *Sherwin* v. *Bugbee*, 17 Vt. 337. Comp. Stat. Chap. 45 § 8.

2. To avoid the discharge in bankruptcy, the plaintiff must prove an *express promise* by defendant, which new promise alone gives the action. *Farmers & Mechanics* v. *Flint*, 17 Vt. 508.

3. To make a new promise, binding on the defendant, should it not be made directly to the party seeking to enforce it, instead of to the agent or attorney? Such seems to be the reasoning in *Farmers & Mechanics* v. *Flint*, 17 Vt. 508, and in *Walbridge* v. *Harroon*, 18 Vt. 448.

4. As appears by the exceptions, Morrill, if agent of plaintiff, for any purpose, was such only, to "receive payments," not *promises* of payments.

5. To bind the defendant, is it not necessary that at the time of making the pretended promise to Morrill, he should have known that Morrill was agent of the plaintiff?

The opinion of the court was delivered by

ISHAM J. In this action of assumpsit, the defendant has pleaded the general issue, the statute of limitations, and a discharge in bankruptcy. To each of which pleas, the plaintiff has replied, a subsequent promise by the defendant to pay the debt, upon which issue is taken.

The plaintiff's claim is for hay sold by him, as sheriff, in 1841, on execution in favor of Albert Rankin, against Thomas Knox; but the execution, in reality, was the property of Calvin Morrill. The sale and purchase of the hay is distinctly proved in the case. To prove the sale, the return of the officer on the execution is not indispensible. The title of the purchaser does not depend upon

the return of the officer, but upon the fact of the sale and purchase, which may be proved by parol. It has long been settled, that such testimony is admissible, and that "the validity of the sale does not depend upon any thing subsequent to the sale ; and if he makes no return, the sale may be proved by parol." The moment the sale is made, the title vests ; the judgment to the amount of the sale is satisfied, and the title cannot be defeated by any neglect of the officer. *Gates* v. *Gains*, 10 Vt. 346. *Bates* v. *Carter*, 5 Vt. 602.

We think the defendant's promise is sufficient to avoid the statute of limitations, and the discharge in bankruptcy. It is stated in the case, that in 1846, Mr. Morrill, for whose benefit the property was sold, called upon the defendant, with a statement of the hay purchased by him, and on that occasion, he first said the debt was paid, but finally he promised Mr. Morrill, that *if he had not paid for the hay, he would pay for it.* It is not now pretended, that the hay was ever paid for. There was no denial of the original indebtedness, or the honesty of the claim, or his obligations to pay for it if it had not been paid ; and when it is now admitted that the claim has never been paid, the promise is left absolute in its character. If the defendant had denied the justness of the debt, and insisted that he was under no obligation to pay it, the defence would be available, as held in *Carruth* v. *Paige*, 22 Vt. 180, and *Phelps* v. *Stewart,*, 12 Vt. 256 : but when, as in this case, that is not denied, and there is a promise to pay the debt, if it has not been paid, and it appears never to have been paid, the promise is binding; for the qualification or condition of the promise is removed by the act of the party himself. The case of *Paddock* v. *Colby*, 18 Vt. 485, is very applicable. In that case, it was held, that " if a debtor denies his indebtedness, yet if he express a willingness to settle it, if established, and the indebtedness is proved to have existed, the admission is sufficient to take the case out of the statute of limitations." *Dean* v. *Pitts*, 10 Johns. 35, *Mosher* v. *Hubbard*, 13 Johns. 510.

In the notes to Smith's Leading Cases, 1 Vol. 628, it is said, that, " no rule of law is better settled than that a conditional promise for the payment of money, becomes absolute as soon as the condition is fulfilled, and may be declared on, as if it had never existed." It is therefore immaterial, whether the revival of a debt

barred by statute, be absolute or conditional in the first instance, for it becomes absolute as soon as the condition is performed. If the defendant had said, "I will pay the debt on condition I have not," the burthen of proof would rest on the plaintiff to show the debt unpaid ; and on such proof being given, the authorities are clear, that the promise is binding; and certainly it is none the less clear, when the defendant promises to pay the debt, if he has not paid it, and now admits that the debt has not been paid.

If this is the legal effect of that promise, it is also sufficient to avoid the discharge in bankruptcy. The mere acknowledgment, that the debt is due and unpaid, may not be sufficient for that purpose ; nor will part payment create a legal obligation to pay the balance ; but a promise to the party, or his agent, to pay the debt, with an intent to confirm the original demand, and waive his discharge under his certificate, has always been held sufficient, If the defendant in this case had said that the 'debt was just, but that it was outlawed, and that he was likewise discharged by his certificate, the debt could not have been enforced ; but when, with these defences in his hands, he says he will pay the claim,. if it has not been paid, and it is made to appear that it has never been paid, it is a manifest intent to confirm the original demand, and to waive the advantages derived from his certificate, and the statute of limitations. He does not rely upon those grounds of defence, but makes an absolute promise to pay the debt, if it has not been paid, and now concedes that such payment was never made. The promise is express, and becomes absolute and binding.

The promises are not assignable, and therefore must be made to the party or his agent. When the sheriff, after the sale, handed Mr. Morrill the accounts of the sale, and requested him to collect and receive the payment thereon, it authorized him to act for the sheriff in that matter ; and while he was soliciting payment of the claims, at that time for his use, he was also acting for the benefit of the officer in whom the legal interest of the contract rested. Under these circumstances, the promise inures for the benefit of the plaintiff, and upon which, he is entitled to recover. The conversation had in 1850, has no particular effect in the case, except as showing, by the acknowledgment of the defendant, that he had never paid the debt. This refusal at that time to pay the claim, will have no effect on his previous promise.

The judgment must be reversed and the case remanded.