HON. PIERPOINT ISHAM, }
HON. MILO L. BENNETT, } ASSISTANT JUDGES.

---

JAMES STEELE *v.* HERMAN TOWNE.

*Statute of limitations. Statute of frauds. Bankruptcy.*

A declaration of the defendant that, if he owed the plaintiff anything he was willing to pay him, *held* sufficient, upon the indebtedness being proved, to prevent the operation of the statute of limitations, although the defendant, at the same time, claimed that he did not owe the plaintiff anything, and that it was his impression that he had paid the demand in question; the claim, in connection with the impression, evincing no unwillingness to remain liable, if the fact of payment should be found against him.

The defendant, at the request of S., carried certain papers to the plaintiff, and informed him that S. wished him to commence suits thereon. The plaintiff refused to do so unless the defendant would become responsible for certain advances of money which the plaintiff would be obliged to make, whereupon the defendant assured the plaintiff that S. was good for that, and, if not, that he (the defendant) was, and thereupon the plaintiff commenced the suits. *Held*, that the defendant's undertaking was collateral only, and, not being in writing, could not be enforced, though, in point of fact, S. was not responsible; it not appearing that the defendant had acted in bad faith.

A subsequent promise of the defendant to pay the plaintiff, for which there was no consideration, could not convert such collateral undertaking into an original one.

The fact that, after the accruing of an account in favor of the plaintiff, he went into bankruptcy, under the late U. S. bankrupt law, and that the account was not included in the schedule of claims annexed to the petition of the defendant for the benefit of that law, will constitute no bar, in favor of the debtor, against the prosecution and collection, by the plaintiff, of such account.

BOOK ACCOUNT. The plaintiff's account consisted of several charges for his services and expenditures as an attorney. The auditor reported that the services were performed as charged for in the first item of the account, and that they had never been paid for; but that the statute of limitations had run upon the charge, subject to the opinion of the court upon the following facts. The defendant had said on several occasions, since this action was commenced, and likewise so testified in the justice's court in which this suit was originally brought, that if he owed the plaintiff anything he was willing to pay him, but at the same time claimed that he did not owe him anything, and that it was his impression that he had paid said charge, but that he would not swear to it positively.

In regard to all the items of the account, from No. 2 to No. 23 inclusive, the auditor found and reported that the services were performed and the moneys advanced by the plaintiff as charged in his account, under the following circumstances, viz. In February, 1842, the defendant carried certain papers to the plaintiff, from one Arunah Spear, and told the plaintiff that said Spear wished him (the plaintiff) to bring two county court suits, in favor of said Spear, against the individuals mentioned in the items of the plaintiff's account. The plaintiff was not then acquainted with said Spear, and refused to bring said suits unless the defendant would become responsible to him for his advances of money in the same; the defendant assured the plaintiff that Spear was good for that, and, if not, that he (the defendant) was; and thereupon the

plaintiff commenced said suits, and the same were continued from term to term, as specified in the plaintiff's account. The defendant did not agree to pay the plaintiff for his services in said suits, nor in any manner become liable to pay the advances made by him, except as above stated. Spear was not responsible as represented by the defendant, and never appeared in said suits, or gave any instruction in regard to the same, or recognized them in any manner whatever, subsequent to sending the papers to the plaintiff by the defendant, as above stated. The auditor decided that the representations and declarations of the defendant, as above set forth, did not constitute such an undertaking as would render the defendant liable to the plaintiff in this action, either for his professional services or for the advances made by the plaintiff, as charged in his account, and disallowed all of said items; but reported further in reference to them, that at the time of the service of the plaintiff's writ, in this action, the defendant told the plaintiff it was a debt of long standing, and he would pay it, but that it did not belong to him to pay,—that it was the business of another man, and he (the defendant) had got into the difficulty by carrying papers which belonged to another.

At the request of the defendant, the auditor further reported the following facts, viz.: During the years the plaintiff's charges purport to have been made, the plaintiff was doing but little professional business, and was accustomed to make his charges and keep his account for the same on slips of paper, and his account against the defendant was so made and kept, and never was entered upon any book. After a part of these charges were made, the plaintiff went into bankruptcy, and his books and credits were passed into the hands of R. C. Benton, assignee; no charges or accounts against the defendant appeared in said book and credits, nor was said account against the defendant included in the schedule annexed to the plaintiff's petition, to the district court, for the benefit of the bankrupt law; which schedule purported to contain an accurate inventory of the plaintiff's property, rights and credits of every kind and description.

The county court, May Term, 1854,—POLAND, J., presiding,—decided that the plaintiff was entitled to recover the amount of his charges for cash advanced in the suits of Arunah Spear, but was

not entitled to recover any of his other charges.   To this decision
both parties excepted.

——————— ——————— for the plaintiffs.

——————— ——————— for the defendants.

The opinion of the court was delivered by

BENNETT, J.   We think the first item in the plaintiff's account
is not barred by the statute of limitations.   The plaintiff declared,
and so testified, that, "if he owed the plaintiff anything he was
willing to pay him."   The auditor has found that the services were
rendered, as charged in the plaintiff's account, and that the same
have never been paid.   Though the admission is conditional in its
terms, yet, when it is proved that the defendant owes the plaintiff,
it becomes absolute in its effect.   The fact that the defendant, at
the time, supposed he did not owe the plaintiff anything, and so
claimed, cannot alter the case.   His impression that he had paid
the plaintiff does not evince an unwillingness to pay him, if the
fact of payment should be found against him.   In *Paddock* v. *Colby*,
18 Vt. 485, there was a denial of anything due, yet a willingness
to settle the debt, if established; and in *Hill* v. *Kendall*, 25 Vt.
528, the defendant said, if he had not paid the debt he would pay
it; and, in both cases, a debt being found to be due the plaintiff, it
was held that the statute bar was removed.   This case is within
the principle of those cases.

We think the other part of the plaintiff's claim is within the
statute of frauds.   The defendant requested the plaintiff to bring
the suits for Spear, and had authority to do so from Spear; and,
when the plaintiff refused to bring the suits unless the defendant
would become responsible to him for his advances, he assured the
plaintiff that "*Spear was good*, and, if not, that he was."   The
auditor finds that the defendant was not liable, except as above
stated, and though it is found that Spear was not responsible, yet
the defendant is not chargeable with having acted in bad faith.

There was an *original liability* on the part of Spear.   The de-
fendant was the agent of Spear to carry the papers to the plaintiff
and request the suits brought, and this agency was made known to
the plaintiff.   There is nothing in the case to show anything more

than a collateral undertaking on the part of the defendant. " Spear is good, if not, I am." The meaning of which is, if he does not pay you for the advances, I will. The case is always within the statute of frauds, where the undertaking is *collateral.* What was said by the defendant to the plaintiff, at the time the writ in this case was served upon him, clearly had reference to the claim of of the plaintiff for advances in the Spear suits, that is, " that it did not belong to him to pay,—it was the business of another man, and he had got into difficulty by carrying papers which belonged to another." Though he said, in the conversation, the debt was of long standing, and he would pay it, yet there was no consideration for this promise, and it could not convert a *collateral* promise into an *original* one.

We think that, notwithstanding what is said in the report about the plaintiff's going into bankruptcy, in 1842, he may still maintain his action on this account. No charges or accounts against this defendant appeared upon the plaintiff's books, and this claim of the plaintiff was not included in the schedule of claims annexed to the petition of the plaintiff to the district court of the United States, seeking for the benefit of the bankrupt law. Although the schedule professed to contain an accurate inventory of the plaintiff's property, rights and credits, of every kind and description, yet the present claim was not before the district court, and was not a subject of their action ; and we apprehend the defendant cannot set up the facts detailed in the report to toll the plaintiff's right to maintain this action against him.

The judgment of the county court is reversed, and judgment entered up on the report, upon the principles herein settled.