## LEVI C. MOORE *v.* ALBERT STEVENS.

### *Statute of Limitations.*

The defendant, after the commencement of the action and about the time of its trial, admitted that the plaintiff's account was just when it accrued, but claimed that he had paid it to one E., and that E. was authorized by the plaintiff to receive such payment; and the defendant at the same time promised to pay the account to the plaintiff if he did not prove that he had paid it. The auditor reported that he did not find that E. was authorized to receive payment of the account and that the defendant failed to prove that he had ever paid it. Held that this was not a sufficient acknowledgment of the plaintiff's claim to take it out of the operation of the statute of limitations.

The cases of *Hill* v. *Kendall,* 25 Vt. 528, and *Steele* v. *Town,* 28 Vt. 769, questioned, so far as they conflict with the above doctrine.

BOOK ACCOUNT. The facts in the case sufficiently appear in the opinion of the court.

The county court, at the June Term, 1860, in Orleans county, rendered judgment for the defendant, to which the plaintiff excepted.

*W. D. Crane* and *H. C. Wilson,* for the plaintiff.

*S. Sumner,* for the defendant.

KELLOGG, J. The only question of law arising in the auditor's report in this case is, whether the plaintiff's account is taken out of the operation of the statute of limitations by reason of the following facts which, in substance, are stated in the report, viz: The defendant, after the commencement of this suit, and on or about the day of the trial of the same before the justice, admitted to the plaintiff and to others that said account, when it accrued, was just, but claimed that he had paid the same to one Mark Elkins, and that said Elkins was authorized by the plaintiff to receive such payment, and promised to pay said account to the plaintiff if he did not prove that he had paid the same. The auditor reports, negatively, that he " does not find that said Elkins was authorized to receive payment of said account, or that such payment was made to him," and, affirmatively, that, " the defendant failed to

prove that he ever paid said account." It is claimed on the part of the plaintiff that this was a conditional promise, and that the condition has been satisfied or fulfilled, so that the promise may now be treated as having become absolute, or as if the condition never had existed, and, in support of this view, the cases of *Paddock* v. *Colby*, 18 Vt. 485, and *Hill* v. *Kendall*, 25 Vt. 528, are cited.

The case of *Phelps* v. *Stewart et al.*, 12 Vt. 256, is the leading case in this State in regard to the character and sufficiency of acknowledgments relied on to defeat the statute, and it has been repeatedly recognized and approved by this court. It is there held that to prevent the operation of the statute, there must be an acknowledgment of the debt as still due, with an apparent willingness to remain liable for it, or at least without any avowed intention to the contrary." It is perfectly clear, on the facts reported by the auditor, that the defendant, although he admitted that the plaintiff's account was just when it accrued, yet made no acknowledgment of the debt as due, or of any liability for it, *at the time of the admission;* and, so far was he from being willing to remain liable for the debt at that time, that he then insisted that it was paid, and from that time to the present moment, he has contested the plaintiff's right to recover it at every stage of the progress of this suit. An acknowledgment to take a debt out of the statute of limitations must be of such a nature that a promise to pay the debt can be implied from it; but when the admission is accompanied by a denial of liability existing at the time of the admission, no promise to pay the debt can be implied; *Brainard* v. *Buck*, 25 Vt. 573; *Aldrich* v. *Morse*, 28 Vt. 642; *Bowker* v. *Harris*, 30 Vt. 424; Angell on Limitations, ch. 20, 21. In Chitty on Contracts, p. 646, it is said that it would now probably be held that the plaintiff cannot be allowed to take the case out of the statute by going into evidence rebutting or negativing the ground of discharge relied upon by the defendant in making his admission, for a promise of payment can hardly be presumed to have been made by a party who disputes his liability even on fallacious grounds. This doctrine is in strict accordance with the spirit of the English and American cases on this subject, and is especially confirmed by the case of

*Carruth* v. *Page*, 22 Vt. 179. In that case, the defendant, upon the trial of an action of book account before a Justice of the peace, stated that he would not take advantage of the statute of limitations, and that if it was a just account, he would pay it, but at the same time contended that it was not a just account, and it was held that, although the account was found to be just, this was not a sufficient acknowledgment to avoid the operation of the statute.

In the case of *Hill* v. *Kendall*, 25 Vt. 528, which is relied on by the plaintiff, ISHAM, J., says that " if the defendant had denied the justness of the debt, and *insisted that he was under no obligation to pay it*, the defence would be available, as held in the cases of *Carruth* v. *Page* and *Phelps* v. *Stewart et al.*," above cited. In reference to the case of *Paddock* v. *Colby*, 18 Vt. 485, which is also urged as an authority on the part of the plaintiff, the statute bar was removed in that case, (as was said by HALL, J., in *Carruth* v. *Page, ubi supr.*,) by language which was unconditional, and unaccompanied by any protestation that the claim was unjust. The case of *Steele* v. *Town*, 28 Vt. 771, is the same in principle with the case of *Hill* v. *Kendall.*

In this case there was no admission by the defendant of any liability to pay the plaintiff's account, but, on the contrary, the defendant, at the time of making the acknowledgment and promise upon which the plaintiff relies, denied such liability, and has ever since contested it. We can draw no other conclusion from the auditor's report in this case than that the fair interpretation of the defendant's conduct and language should be that he was determined to pay nothing, and that he did not recognize any subsisting indebtedness or present liability on this account. This would preclude and repel any inference or implication of a promise to pay the account, and would neutralize the effect of the acknowledgment that it was originally just. If the cases of *Hill* v. *Kendall* and *Steele* v. *Town* could, when rightly interpreted, be treated as authorities to show that a promise to pay the plaintiff's account, sufficient to take the case out of the statute, should be implied from these facts, we should regard those cases as justly open to question, and should hesitate to follow them. The promise of the defendant to pay the account if he did not prove

that he had paid it,—he insisting at the time that he had paid it,—was more in the nature of a wager on the result of the suit than of such a conditional undertaking as would become absolute and binding when the condition was performed, and we regard it as insufficient to prevent the operation of the statute. The judgment of the county court in favor of the defendant, is affirmed.