ABEL GALPIN *v.* N. F. BARNEY.

*Statute of Limitations.   Agency.   Promissory note.*

When the plaintiff called on the defendant for the pay on the note in question, the defendant "told him he ought to have his pay, that it was right he should have it, but that he had lost a good deal in the business and was not worth anything and could not pay it." *Held*, that under the rule established in *Phelps* v. *Stewart*, 12 Vt. 256, this acknowledgment was not sufficient to take the case out of statute of limitations.

B. had given the note in question as the agent of the defendant, though in fact the business was his own, and the defendant had no interest therein, and after the agency terminated and the defendant had refused to pay the note, B., upon being

---

Galpin *v.* Barney.

---

called upon by the holder to give a new note, refused, saying he had no authority, but paid and endorsed a dollar on the old one. *Held,* that this did not renew the note as against the defendant.

ASSUMPSIT on a promissory note. Pleas, the general issue, and the statute of limitations. The case was referred and the referee reported, substantially, that Norman H. Batchelder carried on the business of manufacturing chairs from 1844 up to 1849, when he failed; that after the failure, by an arrangement between Batchelder and the defendant, the business was carried on as before by Batchelder, in the name of the defendant, Batchelder acting as defendant's agent, but the defendant had no interest in the matter other than to assist Batchelder, and took no active part in the business. He went to some merchants in the vicinity to tell them they might pay on his account orders drawn by Batchelder, and he gave Batchelder leave to use his name in drawing such orders. And Batchelder drew orders in the defendant's name on said merchants, and this was known to the plaintiff. But before the execution of the note in controversy the defendant forbade Batchelder's so signing his name to notes without his leave, and no more notes were ever given by Batchelder as the agent of the defendant except the one in suit.

The plaintiff worked for Batchelder before his failure, and after Batchelder commenced business as agent of the defendant, he employed the plaintiff to work for him. The defendant paid him from time to time for a portion of his services, and on the 6th of December, 1850, Batchelder settled with him and gave him the note in controversy of which the following is a copy:

"ARLINGTON, December 6th, 1850.

"One day after date, for value received I promise to pay Abel Galpin or bearer forty dollars, with use.

Signed,                    N. F. BARNEY,

N. H. BATCHELDER, Agent."

There is endorsed on said note "October 4th, 1856," as follows: "Paid on the within one dollar."

The defendant had no knowlege of this note until the day of the endorsement, when the plaintiff called on him and told him he wanted his pay or the note renewed. The defendant told him he ought to have his pay, that it was right he should have it, but that

he had lost a great deal in this business and was not worth anything and could not pay it. The plaintiff then went to Batchelder, and asked him to pay the note or renew it. Batchelder told him he had no right to give a new note, but he would pay him one dollar and endorse it on the note, and that would renew it. He then paid from his own money one dollar and made the endorsement on the note. The defendant himself never promised to pay the note unless he did so in the manner before stated, by Batchelder as his agent. The defendant failed in about four years after the failure of Batchelder. After the failure of the defendant there were some small matters of book account which were settled by Batchelder. The books remained with the said Batchelder till the shop burnt in September, 1857. The defendant never claimed to have any interest in the accounts, and never received anything from them, and there was no proof that the books ever passed into his hands. It did not appear that Barney revoked the authority of Batchelder as agent till after the endorsement made upon said note. He did revoke said authority afterward. If from the foregoing facts the plaintiff is entitled to recover, he should recover the amount due on said note April 12th, 1864,—$70.62.

On this report the court, at the April Term, 1864, BARRETT, J., presiding, rendered judgment for the defendant to recover his costs, —to which the plaintiff excepted.

*Butler & Wheeler* and *E. L. Waterman*, for the plaintiff.

*E. E. Kellogg*, for the defendant.

PIERPOINT, J. As we think the defence of the statute of limitations must prevail in this case, it becomes unnecessary to consider the other questions that have been discussed.

The plaintiff's right to recover is barred by the statute, unless what was said to him by the defendant on the 4th of October, 1856, or what was done by Batchelder on the same day, was sufficient to prevent its operation.

When the plaintiff called on the defendant for the pay on the note, on the 4th of October, the defendant "told him he ought to have his pay, that it was right he should have it, but that he had lost a great deal in the business and was not worth anything, and he could not pay it." When we consider that the debt to the plaintiff was one

that (although contracted in the name of the defendant and for which he was legally liable) was really a debt that was contracted by Batchelder in his own business, and in which the defendant had no interest, and that it was a debt that Batchelder ought to pay, the language used by the defendant can hardly be regarded as an acknowledgment of a subsisting debt against himself; he says the plaintiff ought to have his pay, that it was right he should have it; this he could say without acknowledging that he was liable and ought to pay it. But conceding this to be an acknowledgment of the debt, that is not sufficient to take it out of the statute. "There must be an acknowledgment of the debt as still due, with an apparent willingness to remain liable for it, or at least without an avowed intention to the contrary." This rule was established in *Phelps* v. *Stewart*, 12 Vt. 256, and has been adhered to in this state ever since.

The acknowledgment must be such that a promise to pay the debt may fairly be inferred from it. In this case the defendant at the same time that he said the plaintiff ought to have his pay, also said that he had lost a great deal in the business, was poor and could not pay it. We think it would be impossible fairly to infer a promise to pay from such a declaration. When taken together with the facts as found by the referee, it sounds more like a declaration of an intention not to pay.

The plaintiff seemed at the time so to regard it, for he immediately went to Batchelder and asked him to pay the note or renew it, thus showing that he did not understand the defendant to have said anything that would operate to renew the note.

The referee has expressly found that the defendant did not promise to pay the note unless he did so by said Batchelder as his agent.

When the plaintiff went to Batchelder and asked him to pay the note or renew it, Batchelder told him he had no authority to make a new note, but proposed to pay him a dollar and endorse it on the note, saying that would renew it. He therefore paid the plaintiff a dollar from his own money and endorsed it upon the note. This we think cannot have the effect to renew the note as against the defendant. It is difficult to see, if he had no authority to bind the defendant by giving a new note, how he could bind him by a new promise

to pay the old one. He does not appear to have professed to act as the agent of the defendant in making the payment and endorsement, but the fair inference from the report is, that both understood at the time the payment was made, that Batchelder was paying his own money and in his individual capacity.

Judgment affirmed.