# ROXANA PRESCOTT *v.* TOWN OF VERSHIRE.

*Statute of limitations.    Acknowledgment.    Report of town*
*auditors.*

1.  An acknowledgment, in order to remove the statute bar, must be such
    that a promise to pay can be implied from it.
2.  The report of town auditors to the annual town meeting, stating that a
    certain town order is outstanding and unpaid, is not a sufficient
    acknowledgment as against the town, although the auditor's report
    is adopted by it.

Assumpsit for the amount of a town order.    Plea, the gen-
eral issue, payment, and the statute of limitations.    The plaintiff
traversed the first two pleas, and to the last replied a new prom-
ise.    Trial by jury at the June term, 1890, Tyler, J., presiding.
Verdict and judgment for the plaintiff.    The defendant excepts.

The order was dated September 10, 1879, and the writ in
the cause was issued March 21, 1887.    In order to remove the
bar of the statute of limitations the plaintiff was permitted to
show that for the years 1881, 1882, 1883, 1884 and 1885 the
town auditors stated in their report to the annual town meeting
that this order was outstanding and unpaid, and that the auditor's
report was adopted by the town in each of those years except
1882.    There was no other evidence of a new promise.    At the
close of the testimony the defendant moved the court to direct
a verdict for that the plaintiff's cause of action was bared by the
statute of limitations, which motion was overruled.    The de-
fendant excepted to the action of the court both in admitting
the above evidence of an acknowledgment and in overruling the
motion for a verdict.

*J. K. Darling* and *John H. Watson,* for the defendant.

Prescott *v.* Vershire.

The burden of making out the new promise was upon the plaintiff. 2 Starkie Ev. 888; *Taylor* v. *Spears*, 1 Eng. (Ark.) 381; Wood, Lim. s. 116; *Capen* v. *Woodrow*, 51 Vt. 106.

Since there was no conflict in the evidence, the question of whether a new promise had been made out was entirely for the court. *St. Johnsbury* v. *Thompson*, 59 Vt. 300, 311; *Clarke* v. *Dutcher*, 9 Cow. 670, 679.

The report of the town auditors could not amount to a new promise, for it was no part of their duty to make such promise. R. L. 974; 2727, 2846; *Davenport* v. *Johnson*, 49 Vt. 403.

For comparison with the decisions of other states see, *Peno* v. *Vance*, 21 Cal. 142; *Porter* v. *Elam*, 25 Cal. 291; *Abercrombie* v. *Butts, Adm'r.* 72 Ga. 74; *Allen* v. *Collins*, 70 Mo. 138; *Merriam* v. *Leonard*, 6 Cush. 151; *Roscoe and Wife* v. *Hale*, 7 Gray 274; *Stoddard* v. *Doane*, 7 Gray 387; *Richardson* v. *Thomas*, 13 Gray 381; *Hanson* v. *Towle, Adm'r.*, 19 Kan. 273; *Clark* v. *Alexander*, 8 Scott's N. R. 147; *Edwards* v. *Culley*, 4 H. & N. 387.

The auditors' report was not such an acknowledgment that a promise to pay would be inferred from it. *Shepard* v. *Thompson*, 122 U. S. 231; *Roscoe et ux* v. *Hale*, 7 Gray 275; *Bangs* v. *Hall*, 2 Pick. 368; *Bailey* v. *Crane*, 21 Pick. 323; *Barnard* v. *Bartholomew*, 22 Pick. 291; *Phelps* v. *Stewart*, 12 Vt. 264.

*Roswell Farnham*, for the plaintiff.

The written report of the town auditors together with the record of the town clerk showing that such report was adopted, is a sufficient acknowedgment in writing to take the case out of the statute. R. L. s. 2727; *Thornton* v. *Campton*, 18 N. H. 20; *Adams* v. *Mack*, 3 N. H. 499; *Whitney* v. *Bigelow*, 4 Pick. 109 and 113; *McConnell* v. *New Orleans*, 35 La. An. 273; *Sanborn* v. *School District No. 10*, 12 Minn. 17; *Rowe* v. *Thompson*, 15 Abb. (N. Y.) Pr. 377; 1 Dillon's Mun. Corp., s. 305; *Mayor of Tuskaloosa* v. *Wright*, 11 Ala. 230.

The opinion of the court was delivered by

ROWELL, J.   An acknowledgment, in order to remove the statutory bar, must be such that a promise to pay the debt can be implied from it.   The mere acknowledgment of an existing indebtedness is not enough, as that is consistent with a refusal to pay or a determination to take advantage of the statute.   The acknowledgment must be of such a character and made in such circumstances as to indicate or be consistent with a willingness to remain liable.   *Brayton* v. *Rockwell,* 41 Vt. 621.

To say nothing of whether the " acknowledgment or promise is in writing, signed by the party affected thereby," as required by statute, the character of what is relied upon to remove the statutory bar and the circumstances in which it was done, are not such that a promise to pay can be implied therefrom.   It was no part of the duty of the auditors to report outstanding orders. Their general duty was, to examine and adjust the accounts of the other town officers and to report the same and the items thereof, and also the condition of the treasury.   R. L. 2727.   It was the duty of the selectmen to keep a record of orders drawn by them, and to present it to the annual meeting, with a general statement of the property and the finances of the town.   R. L. 2696.   The votes from year to year to " accept and adopt" the auditors' reports, were but the customary form of doing such business, and must have been so regarded by the meeting.   They do not involve the idea of a promise to pay nor indicate a willingness to remain liable, but were simply formulas, and, at most, amount only to mere acknowledgments of existing indebtedness, which, as we have seen, is not enough.

As we understand that this ruling will most likely end the case, we do not decide the other questions raised.

*Judgment reversed and cause remanded.*